## Paul *against* Witman.

In an action of covenant upon a general warranty contained in a deed of conveyance, an eviction by a paramount title is *primâ facie* evidence for the warrantee: and if the warrantor be notified of the ejectment and required to defend, the recovery in ejectment is conclusive: but such notice must be unequivocal, certain, and explicit.

The heirs or devisees of the grantee in a deed may maintain a joint action upon a covenant of warranty.

A judgment in ejectment without more, is not an eviction which will sustain an action of covenant on a general warranty of title. The eviction must be laid in the declaration, and proved.

ERROR to the Common Pleas of *Dauphin* county.

This was an action of covenant by John Witman and George Witman, devisees of Bartholomew Witman deceased, and Elizabeth Witman, Catharine Witman and Susannah Witman, heirs of Samuel Witman deceased, who was also a devisee of Bartholomew Witman deceased, by their guardian, Andrew Greiner against John Paul. The action was brought upon a general warranty contained in a deed from John Paul to Bartholomew Witman conveying a tract of land. The plaintiffs averred, in their declaration, that two actions of ejectment, by two of the heirs of Daniel Brubaker, had been brought against them, in each of which there was a recovery of judgment for one-tenth part of the said land: there was no averment of an eviction or change of possession.

The plaintiffs, after giving in evidence the judgments in ejectment, gave the following evidence :—

H. Alricks sworn. I drew the forms of the notices to Mr Paul before the cause was tried. Mr Paul came to me and talked about the causes. He said he had an agreement that would defeat the plaintiffs in their ejectments. He was uneasy about, and notified him of the trials.

The defendant offered a deed, 22d of April 1809, from John Nace and Daniel Brubaker, *et. al.* to John Paul, to show that the plaintiffs in the ejectments had no title to the tenth parts of the land recovered in those suits, to be followed with proof that the heirs of Daniel Brubaker, in point of law, would not and ought not to have recovered in the ejectment; that the title to the land of the present plaintiffs was superior to that of the heirs of D. Brubaker, deceased. The plaintiffs objected, on the ground that the actions of ejectment and the recovery therein were conclusive of the title, of which the present defendant had notice; and if there was a good title, he was bound to have defended those suits. The

[Paul v. Witman.]

court sustained the objection and rejected the evidence, upon the ground that the recovery in these actions was conclusive upon the defendant, he having had notice. The defendant excepted.

The defendant offered to prove that Daniel Brubaker died seised of a large real and personal estate, more than the value of the land mentioned in their ejectments, as recovered by the heirs of Daniel Brubaker, deceased, to show that the plaintiffs, the heirs of Daniel Brubaker, ought not to have recovered in these actions of ejectment. The plaintiffs objected to the evidence; the court sustained the objection, and rejected the evidence; and the defendant excepted.

The defendant offered to prove that Margaret Ann Brubaker was the only child of the elder son of Daniel Brubaker, deceased, by his first wife, and that Jonathan was the other child by the first wife. The plaintiffs objected, and the court sustained the objection. The defendant excepted.

The defendant moved in arrest of judgment for the following reasons:—

1. The plaintiffs, as devisees and heirs of a devisee of Bartholomew Witman, deceased, could not all join in one action.

2. There is no eviction alleged in the narr. of the plaintiffs, and it therefore does not contain a sufficient cause of action.

The court overruled the motion, and rendered a judgment on the verdict for $345.60.

*Ayres* and *M'Clure,* for plaintiff in error. There can be no breach of the warranty without an eviction; this is essential to the plaintiff's right of action; and if so, it is equally important that it should be averred in the declaration. 3 *Serg. & Rawle* 364; 3 *Penn. Rep.* 424. The recovery of a judgment may never be followed by execution; it might be upon such terms imposed by the jury, that the plaintiff would not deem it advantageous to avail himself of it. There would be no breach of the warranty in this.

The defendant was not a party to the action of ejectment, nor is it proved that he received notice to appear and defend; such notice should not be equivocal or uncertain, if the effect of it is to be conclusive upon the rights of an individual. 3 *Watts* 310.

*Hamilton Alricks* and *Roberts,* for defendants in error, argued that the joint action was proper, inasmuch as it was unobjectionable, and a several action by each would be oppressive to the warrantor. 2 *Watts & Serg.* 360; 2 *Saund.* 115. It is a real covenant, running with the land, and vests jointly in all those who own the land. 1 *Leigh's N. P.* 162; 1 *Saund.* 183. An eviction is a recovery of land by form of law; the recovery here was sufficient; but if not, the want of form in the declaration is cured by the verdict. The notice which the defendant had of the pendency of the ejectment, was clearly proved.

[Paul v. Witman.]

The opinion of the Court was delivered by

ROGERS, J.—An eviction by a paramount title is *primâ facie* evidence in favour of the warrantee in a suit on the warranty. And if the warrantee takes the precaution to vouch or call in the warrantor to warrant and defend the title, the recovery in eject- ment is conclusive. It was on the principle that the warrantor had been vouched, that the court excluded evidence of title in the warrantor at the time of the conveyance. The only doubt is as to the application of the principle. Mr Alricks says, he drew the forms of the notices to Mr Paul before the cause was tried; that Paul came to him and talked about the cause, and said he had an agreement that would defeat the plaintiffs in ejectment: that he was uneasy about it, and that he notified him of the trial. The notices were not produced, nor are their contents proved, nor is there any proof that they were served. The evidence amounts to nothing more than that the warrantor knew of the ejectment, and that he had notice of the trial. But it nowhere appears that he was vouched or required to defend the title. To have the effect of depriving the warrantor of the right to show title, the notice should be unequivocal, certain, and explicit. A knowledge of the action and a notice to attend the trial will not do, unless it is attended with express notice that he will be required to defend the title. When the warrantor is properly vouched, he becomes in effect the real party in interest to the ejectment.

Whether the plaintiffs can sustain a joint suit, is a point not without difficulty. The contract was made with the testator; and it would be unreasonable that he should be at liberty, by devising the land in separate parcels, to subject the warrantor to as many actions as there were devisees. Suppose the warrantor, on eviction of the warrantee, is ready and willing to pay, how is he to ascertain the proportion to which each of the devisees is entitled, when the portions of the real estate devised are of une- qual value? Is the warrantor to be liable to as many suits as there are heirs? Although as between themselves their interests are several, yet as respects the warrantor they hold a joint inte- rest, and as such may sue jointly. Of this, as it is for his benefit, the warrantor cannot complain. When a joint interest is created, either by the parties or by act of law, the covenantees cannot sever in the action. And the reason assigned is, that if several were permitted to bring distinct actions for one and the same cause, when the interest is joint, the court would be in doubt for which of them to give judgment. *Slingsby's Case*, (5 Co. 19); 1 *East* 500. That all the heirs should join in the suit, is but jus- tice to them as well as the covenantor, for they are equally enti- tled to the money. Devisees may apportion the money between themselves, and why compel them to bring separate suits, when it is to their advantage, as well as the warrantor's, that the suit should be joint? Whether separate suits will not lie, may per-

III.—52　　　　　2 K

[Paul v. Witman.]

haps be doubtful, since the decision of *Twynam* v. *Pickard*, (2 *Barn. & Ald.* 105). In that case, it is ruled that covenant will lie by the assignee of the reversion of part of the demised premises, against the lessor, for not repairing.

That the plaintiff must aver an eviction in his declaration, is too clear for argument. 3 *Saund. P.* 178, *note ;* 3 *Serg. & Rawle* 364, 372. In this particular, the narr. is bad. The averment of an eviction is one thing, the evidence of an eviction is another. We have here no difficulty in saying that a judgment in ejectment without more, is not an eviction which will sustain an action on the covenant of warranty. There must be a change of possession. But is the defect cured by verdict? We are of opinion it is not, because the defect is in the plaintiff's title, and not in the manner of stating it.

Judgment reversed, and *venire de novo* awarded.