Blondeau v. Sheridan.

BLONDEAU *et al.* v. SHERIDAN, *Administrator, Appellant.*

1.   **Practice**: FAILURE TO FILE REPLY.   Where the failure to file a reply is the result of accident or inadvertence, the court may permit it to be filed after the jury is sworn for the trial of the cause.

2.   **Covenant of Seizin**: EASEMENT.   A covenant of seizin is not broken by the existence of an easement.

3.   **Covenant against Incumbrances, Nature of.**   A covenant against incumbrances is a covenant *in praesenti*, is a mere right of action, does not run with the land, is not assignable at law and can be taken advantage of only by the covenantee or his personal representative.

4.   **Covenants of Warranty**: EVICTION.   When the covenantee in a covenant of warranty of title never has had actual possession of the conveyed premises which was held adversely, and by reason of a paramount title he has never been able to obtain possession of the land, such inability to obtain possession will constitute an eviction.

5.   ———— : BREACH OF: STATUTE OF LIMITATIONS.   Where there has been no decision against the paramount title, and within ten years after its extinguishment by the covenantee he brings his action on the covenant of warranty, he is not barred by the statute of limitations.

6.   **Covenants Running with Land**: TENANTS IN COMMON.   Tenants in common can maintain a joint action for breaches of covenants running with the land.

7.   **Administrator, Judgment against.**   The judgment in an action against an administrator, should not be against him personally, but against him in his representative capacity.

8.   **Lost Instrument, Secondary Proof as to**: WHEN FOUNDATION FOR INSUFFICIENT.   Before secondary proof of the contents of a paper can be read in evidence, there must be proof of such search by the party who had custody of it as to reasonably warrant the conclusion that it is either destroyed, lost or mislaid, and cannot be found. Where the witness examined as to its existence states that, although he has looked for it, he may still have it in his possession, the foundation for secondary proof is not sufficiently laid.

35—81

*Appeal from Buchanan Circuit Court.*—HON. WM. H. SHER-
MAN, Judge.

REVERSED.

*Strong & Mosman* for appellant.

The court erred in failing to render judgment of *non
prosequi*, in defendant's favor and against plaintiffs, when
so requested, after the jury were sworn to try the cause,
and after the petition and answer were read to the jury.
R. S., §§ 3677, 3678; *Ennis v. Hogan*, 47 Mo. 515. The
court erred in permitting plaintiffs to introduce evidence,
against objection of defendant, that the petition did not
state facts sufficient to constitute a cause of action. There
is no allegation of breach of covenant " for further assur-
ance," nor facts stated in the petition constituting such
breach. *Armstrong v. Darby*, 26 Mo. 517; Rawle Cov., (3
Ed.) 193, note, and citations; Rawle Cov., 195, 199, 200;
*Miller v. Parsons*, 9 Johns. 336. The petition shows no
breach of the covenant of seizin. Rawle Cov., (3 Ed.) 51;
*Kellogg v. Malin*, 50 Mo. 499; ·2 Wash. Real Prop., (3 Ed.)
345; *Cook Co. v. Railroad Co.*, 35 Ill. 460; Wash. on Ease-
ment, (3 Ed.) 14; *Winslow v. King*, 14 Gray 321. The facts
pleaded do not show breach of covenant " warranty," which
is a covenant for quiet enjoyment. 4 Kent Com., (8 Ed.)
530. Which is broken only by eviction or its equivalent.
3 Wash. Real Prop., (3 Ed.) 398. Is a personal covenant.
*Ib.*, 399. Mere limitations or restrictions upon the use of
land are not evictions. The title remains in the grantee, as
also the possession. A covenant of warranty is not a cov-
enant against incumbrances. See note to *Sanderlin v. Bax-
ter*, 44 Am. Rep. 170. The petition does not state facts so
as to enable the damages to be measured, or for breach of
" seizin," or that of warranty. Sedgwick on Dam., (3 Ed.)
172; 3 Wash. Real Prop., (3 Ed.) 419; *Dickson v. Desire*,
23 Mo, 166; *Long v. Mathews*, 23 Mo. 438; *Hutchins v.*

*Roundtree*, 77 Mo. 500. The petition does not state facts such as to enable the court and jury to ascertain and measure the damages as for a breach of covenant against the incumbrance created by a permanent easement, such as the party wall described. 3 Wash. Real Prop., (3 Ed.) 421; *Harlow v. Thomas*, 15 Pick. 66. A party wall is simply an easement. "It is not a freehold in the soil." 2 Wash. Real Prop., 276; *Ritgee v. Parker*, 8 Cush. 145; *Prescott v. Trueman*, 4 Mass. 627; *Cary v. Daniels*, 8 Met. 482. Only actions on covenants of seizin and warranty survive ten years after breach. R. S., § 3229. Actions for breach of covenant against incumbrances must be brought within five years after breach. R. S., § 3230. If we allow plaintiffs to be proper parties plaintiff, (which we do not,) they are barred, because they show, on the face of the petition that their right of action accrued, upon their own theory of the case, May 29th, 1875; and their suit was begun January 18th, 1881. But they are not proper parties. The covenant against incumbrances is personal. It does not run with the land. It is broken the instant the deed is delivered. This incumbrance did exist when McGee conveyed to plaintiff's grantor in 1873. "If one of two adjacent owners covenant with the other, if he would erect a party wall the former would pay the latter for one-half of it, whenever he should use it, held a personal covenant, and not to run with the land so as to bind the purchaser of the covenantor who should erect a building against the party wall. 2 Wash. Real Prop., 263; *Black v. Isham*, 16 Am. L. Reg. 8; *Weld v. Nichols*, 17 Pick. 543; *Cole v. Hughes*, 54 N. Y. 444. Lutz, the grantee of Hartwig, could not, therefore, have recovered from plaintiffs. Their payment to him was voluntary. "A permanent easement is as much an incumbrance when the deed is made as it ever can be, and of course detracts from the value of the estate at the time of the conveyance." Wash. Real Prop., 391, 392. "Being *in praesenti* it is broken as soon as made." "Covenants *in praesenti*, being broken as soon as made, cannot, for

obvious reasons, run with the land to subsequent owners, so as to entitle them to sue for breach thereof." 3 Wash. Real Prop., (3 Ed.) 394. The court erred in overruling defendant's several objections to items of evidence. No sufficient ground was laid for the secondary evidence of contract between McGee and Hartwig. R. S., § 674; *Geary v. City of Kansas*, 61 Mo. 378; *Parkinson v. Caplinger*, 65 Mo. 294. The court erred in refusing to instruct as prayed, "that under the pleadings and evidence the plaintiff could not recover." Plaintiffs must recover, if at all, on the cause of action stated in their petition. " The only covenant implied in the words, ' grant, bargain and sell,' which runs with the land, is that for further assurance." " The word ' assigns,' as used in our statute, is limited to that covenant." *Collier v. Gamble*, 10 Mo. 467. No breach of that covenant is pleaded. Plaintiffs then are not "assigns" of McGee, nor was Lutz " assign " of Hartwig. *Railroad Co. v. Morgan*, 72 Ill. 158; *Cole v. Hughes*, 54 N. Y. 444. Action for breach of "seizin" or of " warranty " must be brought within five years. *Lawless v. Collier*, 19 Mo. 480 ; *Hall v. Bray*, 51 Mo. 292. The petition and evidence showed that plaintiffs were not assigns of McGee, as meant by that word in either his deed to M. S. Bradley, or in his contract with Hartwig, within the meaning of the statute in respect to the wall, also that Lutz never became the assign of Hartwig, as meant in the contract between Hartwig and McGee. *Pomeroy v. Railroad Co.*, 25 Mo. 643 ; *Dixon v. Railroad Co.*, 3 A. & E. R. R. cases 201; *Tenbrooke v. Sahke*, 77 Pa. St. 392; *Cole v. Hughes*, 54 N. Y. 444; *Todd v. Stokes*, 10 Pa. St. 155; *Gilbert v. Drew*, 9 Pa. St. 219; *McGadden v. Johnson*, 72 Pa. St. 335; 65 Me. 591.

HENRY, J.—On January 18th, 1881, plaintiffs filed in the probate court of Buchanan county their demand for $433.36, against said estate, and, at the April term 1881, the court found against plaintiffs who then appealed to the circuit court, where they filed an amended petition, alleging, in sub-

stance, that McGee died in May, 1880, and that Sheridan administered on his estate in August, 1880. That plaintiffs are, and since 1872, have been partners. That on the 10th of January, 1873, McGee conveyed by deed to Mathias Bradley the north half of lot No. 10 of block 21, in the town of St. Joseph, in the granting clause thereof employing the words " grant," " bargain" and " sell," the deed containing, also, an express covenant that the grantor, his heirs and executors, etc., would warrant and defend the title to said real estate against the lawful claims of every person whatever. That prior to that time, on the 29th of March, 1872, McGee, the grantor, entered into a written agreement with one Hasting, by which he granted to Hasting, who owned the adjoining lot, the right to extend and build one-half of the thickness of a wall to be erected by said Hasting on the line between said lots, over and on the lot of said McGee (said lot No. 10) the dimensions of said wall to be footing four feet six inches in thickness, upper wall two feet thick, brick wall one foot six inches thick and eighty feet in length, one half of which the entire length and height to extend over and on lot 10, with the further stipulation, that said " McGee, or his assignee should at any time, paying one-half the cost of said wall or such part thereof to the said Hasting or his assignee, have the right and privilege of building to and using said wall and make it constitute one of the walls he may choose to erect adjacent thereto, and may use said wall for all reasonable purposes in erecting and constructing such building." That said agreement was duly acknowledged and was, on 9th of April, 1872, filed for record in the recorder's office of said county. That Hasting erected the wall mentioned in said agreement before McGee conveyed to Bradley.

That on the 15th day of February, 1875, plaintiffs each became the owner of an undivided half of said lot No. 10 by virtue of conveyances from Mathias Bradley and his grantees, and afterwards mutually agreed to hold, and have ever since held the same as partnership property.

That McGee, at the time of the conveyance to M. S. Brad-ley, was not seized of an indefeasible estate in fee simple in said real estate, that it was not free from incumbrance, etc., and that McGee had not warranted or defended the title, but on the contrary, on the 29th of May, 1875, Lutz, as-signee of Hasting, entered said lot No. 10 and evicted plaintiffs from that part of said lot upon which said wall stood, having the right to do so by virtue of the agreement aforesaid, and that plaintiffs were compelled to, and did on the 29th of May, 1875, pay to said Lutz $336.46, in order to extinguish his right and title to said part of said lot, and to said wall to the length of sixty-two feet and eight inches, and that it was worth that sum. And asked judg-ment for $433.46.

The answer was a general denial, the statute of limita-tions, and that plaintiffs voluntarily paid the money to Lutz. Plaintiffs obtained a judgment from which defend-ant has appealed.

At the trial after the jury was sworn, defendant called attention of the court to the fact, that plaintiffs had filed no replication, and demanded a judgment of *non pros.* against them, which the court refused, and permitted plaint-iffs to file their replication.

Section 3677, Revised Statutes, provides that: "If the plaintiff shall fail to file his replication, or other plead-ing within the time prescribed by law, or the rules of prac-tice of the court    *    *    judgment of *non pros.* shall be given against him." But by the next section it is pro-vided, that such judgment, for good cause shown, may be set aside at any time during the term, upon such terms as shall be just. In *Ennis v. Hogan,* 47 Mo. 513, it was held that, if the failure to reply was the result of accident, or mistake, the judgment should have been set aside, had the court been asked to do so in season. If the court, in this instance, had rendered the judgment demanded, it would have set it aside when it was made to appear that the failure was but an accident or oversight. And it would have been

a useless ceremony to enter the judgment, and immediately set it aside on grounds sufficiently manifest, when the judgment was rendered, and upon which we may assume, the court refused the judgment, and permitted plaintiff to file the replication.

The defendant objected to any evidence on the ground that the petition did not state facts constituting a cause of action. The covenant of general warranty, and two of the statutory covenants, viz.: that of seizin and that against incumbrances, are alleged in the petition to have been broken. The facts alleged constituted no breach of the covenant of seizin. "That covenant is not broken by the existence of easements or incumbrances which do not strike at the technical seizin of the purchaser." Rawle on Cov. (3rd Ed.) 51. In *Kellogg v. Malin,* 50 Mo. 496, it was held that the occupancy of land by a railroad track, under condemnation proceedings, was but an easement, and could not be relied upon as a breach of the covenant of seizin. There was however a breach of the covenant against incumbrances, but where did it occur?" It is a covenant *in praesenti* and broken as soon as made." Rawle an Cov. 110. Again he says at page 336: " It is a settled rule on both sides of the Atlantic that until breach, the covenants for title, without distinction between them, run with the land to heirs and assigns. But, while this is well settled, a strong current of American authority has set in in favor of the position, that the covenants for seizin, for right to convey, and perhaps against incumbrances, are what are called covenants *in praesenti.* If broken at all, their breach occurs at the moment of their creation; the covenant is, that a particular state of things exists at that time, and, if this be not true, the delivery of the deed which contains such a covenant causes an instantaneous breach; these covenants are then, it is held, turned into a mere right of action, which is not assignable at law, which can be taken advantage of only by the covenantee or his personal repre-

sentatives, and can neither pass to an heir, a devisee, nor a subsequent purchaser."

Chancellor Kent, at page 555, 4th Volume of his commentaries, says : " The covenant of seizin, and of a right to convey, and that the land is free from incumbrances are personal covenants, not running with the land or passing to the assignee; for, if not true there is a breach of them as soon as the deed is executed. But the covenant of warranty and the covenant for quiet enjoyment, are prospective and an actual ouster or eviction is necessary to constitute a breach of them, and that the general covenant to warrant and defend the title " is in effect a covenant for quiet enjoyment. Page 558. Our statutory covenant against incumbrances, contained in the words " grant," " bargain " and " sell " is that the real estate was at the time of the execution of such conveyance free from incumbrance. The difficulty which exists when the incumbrance is of a kind which does not affect the possession of the grantee, as in case of a mortgage or a judgment lien, which must be extinguished by the grantee before he can claim more than nominal damages, is not encountered when the incumbrance is such, that, as in the case at bar and in *Kellogg v. Malin,* supra, the entire damages could at once be ascertained and assessed to the grantee, and there is no way of removing it but by purchase. While it exists, the covenantee cannot have the possession of that portion of the land.

There was a breach of the covenant the moment it was made, and M. S. Bradley, then had a right of action, and, the covenant not running with the land, plaintiffs never had a right of action upon it. As to the covenant of general warranty, the facts alleged showed a breach of the covenant. The note was not only an incumbrance on the lot, but Lutz's rightful possession of it, under the agreement between McGee and Hasting, constituted a breach of the covenant of warranty. " Where the covenant is broken immediately no actual eviction or disturbance need be shown." *Grannis v. Clark,* 8 Cowen 41. In *Grist v. Hodges,*

3 Deveraux 200, Ruffen, J., said: "The existence of an incumbrance, or the mere recovery in a possessory action under which the bargainee has not been actually disturbed, are held for technical reasons, not to be breaches of a covenant for quiet possession, or in other words of our warranties.

But that is a very different case from this, in which the bargainee never, in fact, was in possession, but was kept out by the possession of another, under better title existing at the time of sale and deed and ever since." "As between the bargainor and bargainee the latter is in by force of the statute of uses," "but, if there be in reality an adverse possession, he can only be held to be in for an instant; for there will be no implication against the truth further than is necessary to make the deed effectual for its purposes. If such adverse possession be upon title paramount, then there is an eviction of the bargainee *eo instante* that the possession conferred by the statute takes place." Mr. Rawle says: "The general principle, thus ably explained, has been recognized and applied in many other cases." They are cited in note 2, page 254, and at page 255 he says: "The rule best supported by reason and authority would seem to be this, where at the time of the conveyance, the grantee finds the premises in possession of one claiming under paramount title, the covenant for quiet enjoyment, or of warranty, will be held to be broken, without any other act on the part of either the grantee, or the claimant."

Here was a constructive eviction. The covenantee never had actual possession of the strip of land in question, which was held adversely, and when the covenantee by reason of the paramount title has never been able to obtain possession of the land, such inability to get possession will be an eviction. Rawle on Cov., 251. This is not the case of a party wall, which is a wall for the common use of the proprietors of adjoining estates, to the erection of which each contributes his due proportion of the costs, and each has a right to the use of the entire wall. That

is but an easement, but here the wall belonged to Hasting, and, under the agreement, he had possession of a strip of land off of lot ten, adverse to the owner of said lot. It was a permanent structure and as effectually excluded plaintiffs from the possession, as if the owner of the wall, had had a paramount title to the strip in question.

Was the right of action on this covenant barred, by the statute of limitations when this suit was commenced? Section 3229 of the Revised Statutes, declares that " actions brought on any covenant of warranty contained in any deed of conveyance of land, shall be brought within ten years next after there shall have been a final decision against the title of the covenantor on such deed." Strictly construed, until a judicial decision against the covenantor's title, the statute does not begin to run and the covenantee might extinguish the title and maintain his suit on the covenant without regard to the lapse of time. A reasonable construction of the statute, however, one in concurrence with the policy of the law, would only allow the covenantee the statutory period, after the extinguishment of the paramount title; but without passing upon that question, and however it may be answered, there was no decision against the grantor's title, and within ten years after the title of Lutz was purchased by plaintiffs, they instituted this suit, and we do not think the statute barred the action.

Did the court err in holding that plaintiffs could join in this action? The question is not free from difficulty. Authority on the precise question I have not found, after a tolerably diligent and laborious search. None is cited by appellant's counsel, and respondent has filed no brief. In Coke upon Littleton is the following passage : "And here it is to be observed that an assignee of part of the land shall vouch as assignee. As if a man making a feoffment in fee of two acres to one with warranty to him, his heirs and assigns, if he make a feoffment of one acre, that feoffee shall vouch as assignee; for there is a diversity between the whole estate in part, and part of the estate, in the

whole or in any part." If in the case at bar, Bradley, the grantor of McGee, had conveyed to each of the plaintiffs one-half of the lot in question by metes and bounds, each conveyance including one-half of the strip of land in question, it would have been a case like that put by Lord Coke and each would have to sue for a breach of covenant.

But here, each has a part of the estate in the whole, acquired at different times, it is true, but they have an interest in common, each in every inch of the lot occupied by the wall. By the several conveyances their grantor, Bradley, assigned all his interest in the covenant, and the plaintiffs acquired it together, as if they held under one deed. The several deeds of their grantor made them tenants in common, as a deed to them jointly would have done, and in the latter case, the authorities are all agreed, that they might maintain a joint action for a breach of covenants running with the land. In Pennsylvania it seems to have held, that the action must be joint. *McClure v. Gamble*, 27 Pa. St. 288; see, also, Rawle on Cov., 356.

With respect to the question of damages, appellant contends that the court erred in its instruction allowing plaintiffs to recover of McGee's estate the amount paid by them to Lutz for the use of said wall, not however, to exceed the one-half of the value of said wall, with interest at six per cent per annum from the date of payment. "The measure of damages (counsel contends) is the amount of the diminution of the value of the premises conveyed, occasioned by the irremovable easement." It must be borne in mind, that the fee of the strip of land in question was conveyed to plaintiffs, that the conveyance carried the wall which was part of the freehold as against McGee; and, while it is said, that plaintiff only acquired the right to use the wall by the purchase from Lutz, yet, this right was of equal duration with the estate in the strip of land itself, for the fee in that strip being in them, under the deed, when they acquired the right to the joint use of the wall with Lutz, they reduced his interest in the land to an ease-

ment, in the strict sense of the term. He still had the right to the use of the entire wall, but not as before the exclusive right to use it. The transaction was, in effect, the purchase of the right to that strip vested in Lutz, as assignee of Hasting, under the agreement with Mc-Gee, followed by the erection of the wall. Lutz had no paper title to the strip, it is true, but having erected the wall upon it, under the agreement with McGee, it effectually passed a right to occupy and possess the strip forever, or as long as the wall might stand. The court applied a rule for the assessment of damages of which, certainly, appellant cannot complain for after plaintiffs paid for half of the wall, Lutz had an easement on the strip of lot 10 which is occupied.

The court, however, committed two errors which will necessitate a reversal of the judgment. The suit was against Sheridan, as administrator of the estate of McGee, and yet the judgment is against him personally, and not *de bonis*. This might be obviated, but for another error which occurred at the trial, in permitting a copy of the written contract between Hasting and McGee to be read as evidence, before sufficient grounds were laid for the introduction of such secondary evidence. Hasting testified as follows: "I had the original of this contract handed me by McGee. Don't know what has become of it; don't remember what I did with it; I may have the paper somewhere; I have looked for it."

Courts are not very strict in their rulings upon this question, but to permit copies of original papers to be read as evidence, on such foundation as that laid here would be in effect, to abrogate the rule altogether. There must be proof of such a search for the original, by the party who had custody of it, as reasonably warrants the conclusion that it is either destroyed, lost or mislaid, and cannot be found. Where the witness states that he may have it in his possession it shows that, notwithstanding he has looked for it, he may, by a diligent search in the proper places, find

it, and that the search he had made was by no means thorough or satisfactory to himself.

The judgement is reversed and the cause remanded.