H. F. LANGENBERG, Respondent, v. WILLIAM B. SCHMIDT, Appellant.

St. Louis Court of Appeals, February 23, 1897.

1. **Actions**: SUIT ON VALID CONTRACT: SUBSEQUENT SUIT ON INDEPENDENT OBLIGATION: ELECTION BETWEEN INCONSISTENT REMEDIES. The assignee of a valid contract on the part of persons between whom and defendant there is no privity, may sue on such contract, without being estopped from thereafter suing defendant upon an independent obligation on his part. In such case the doctrine of election between two inconsistent remedies has no application.

2. ———: SUIT BY VENDEE FOR POSSESSION OF LAND: EXHIBITION OF CERTIFIED COPY OF LOST DEED, COMPETENCY OF. In a suit by a vendee of certain land against the tenant of the original vendor for possession, for nonpayment of rent, where it was shown that the original deed had been lost, and could not be found after diligent search, it was competent for plaintiff to exhibit a certified copy of such deed as evidence of title.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

*James R. Vaughan* and *Alph. A. Heer* for appellant.

If the grantee or his assigns, nothing more appearing, demands the rent and the tenant pays it, or agrees

to pay it, then we have an attornment and a novation of relation of landlord and tenant; but if he fails to do so, and goes further and absolutely declines this relation which the law proffers him, then the right of possession does not pass. *Gray v. Rodgers,* 30 Mo. 558; *Logan v. Woolwine,* 56 *Id.* 457.

When a party elects between inconsistent remedies, by pursuing the one and obtaining one satisfaction, he is estopped from thereafter pursuing the other remedy. *Nanson v. Jacobs,* 93 Mo. 331–345; *Soap Works v. Sayers,* 51 Mo. App. 310; *Johnson–Brinkman Com. Co. v. R. R.,* 126 Mo. 344.

A party having a cause of action which is an entirety is entitled to but one recovery, and can not split up his cause of action and bring different suits for what is but one and the same injury or grievance. *Kerr v. Simmons,* 9 Mo. App. 376; 1 Suth. on Dam. 176; *Koeing v. Morrison,* 44 Mo. App. 412; *Steigleder v. R. R.,* 38 *Id.* 511; *West v. Moser,* 49 *Id.* 219; *Green v. Von Der Ahe,* 36 *Id.* 394.

*Massey & Tatlow* for respondent.

Plaintiff, the vendee of C. H. Heer Dry Goods Company, lessor of defendant, gave notice to defendant, at the earliest moment he could, that as such vendee he demanded said rent, and defendant could only attorn and pay rent to plaintiff or yield to him possession. *Gray v. Rodgers,* 30 Mo. 258.

At the time plaintiff commenced his suit against Heer and Andres he had no cause of action against Schmidt, hence there is no case of inconsistent remedies in this suit. *Johnson–Brinkman Com. Co. v. R. R.,* 126 Mo. 344.

The exhibition of the certified copy of the deed from the Heer Dry Goods Company to Bentley and

Bradley, at the time of demanding rent, was a substantial compliance with the statute, the loss of the original deed having been shown. R. S. 1889, sec. 2428.

BOND, J.—Charles H. Heer Dry Goods Company, a corporation, was on the second day of August, 1893, the owner of the farm in controversy. On that day it leased the same to Wm. B. Schmidt for three years for the annual rental of $150. By mesne conveyances the title in fee to said land was vested in H. F. Langenberg in May, 1894. On the sixth of August, 1895, the latter exhibited his deeds to Schmidt and demanded the rent then due, which being refused, the present action for the possession of the property was begun before a justice, where judgment was obtained by plaintiff, from which defendant appealed to the circuit court, where, upon a trial before the court, sitting as a jury, plaintiff again obtained judgment from which defendant appealed to this court.

On the trial it developed that after the acquisition of title by plaintiff to the premises in dispute, he became the assignee of a contract between certain persons, which, by its terms, provided for a delivery of the possession of the property. The obligors in this contract were not the grantors in any of the conveyances to plaintiff. The provision of this contract as to a delivery of the possession of the property not being complied with, plaintiff brought an action thereon for damages and recovered $33, which was paid. It is insisted by appellant that by so doing plaintiff elected between two inconsistent remedies, thus disabling himself from bringing the present action. It must be borne in mind that the present defendant was not a party to that proceeding. The contract upon which it was brought was not executed by his lessor, hence he was

*SUIT ON VALID CONtract: subsequent suit on independent obligation: election between inconsistent remedies.*

not in privity with its terms. At the time plaintiff sued on said contract (September, 1894) he had no cause of action against defendant, for the reason that the rent accruing upon the land after its conveyance to plaintiff did not mature until August 2, 1895. Under this state of facts it is evident that the doctrine of election between two inconsistent remedies has no application. If plaintiff was the assignee of a valid covenant on the part of persons between whom and the present defendant there was no privity, there would be no reason why plaintiff might not sue on such a contract, without estopping himself from thereafter suing defendant upon an independent obligation on his part.

It is next complained that at the time plaintiff exhibited his muniments of title to defendant and demanded the rent due, that one of the conveyances was evidenced only by a certified copy. It was shown on the trial that one of the original deeds had been lost, and could not be found after diligent search. Under such circumstances, it was not incompetent for plaintiff to exhibit a certified copy of the lost deed as evidence of title.

EXHIBITION of certified copy of lost deed: competency of.

Finding no reversible error in the record, the judgment will be affirmed. It is so ordered. All concur.