H. F. LANGENBERG, Respondent, v. CHAS. H. HEER DRY GOODS CO., Appellant.

St. Louis Court of Appeals, March 1, 1898.

1. **Covenant Against Incumbrances:** LEASE FOR TERM OF YEARS. This action can not be supported on the statutory covenant against incumbrances, for the incumbrance shown by the record being a valid lease for a term of three years was not removable until the expiration of its term, and hence (in the absence of words of special assignment) extinguished the running of that covenant beyond the first grantee of defendant.

2. ———: FOR SEIZIN: FORCE OF. The force of this covenant in Missouri, binds the grantor to assure "the very estate in quantity and quality" which he undertook to convey.

3. ————: FOR SEIZIN: TRANSMISSIBLE WHEN. Notwithstanding this covenant if broken at all, is broken when made, still it is held by our courts to be one that runs with the land and transmissible, without words of special assignment, by a deed from one grantee to another, whenever the unrestricted statutory terms creating it are used in the instrument of conveyance.

4. ————: IMPORT OF. It imports an obligation both in the present and in the future, and as such may be sued upon by the subsequent grantee, although it was broken while the title was in the prior grantee, provided the latter did not sue before transmitting the title, and providing the subsequent grantee has suffered loss by the breach of the covenant.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED conditionally that remittitur be made within ten days for $83; otherwise the cause will be reversed and remanded.

LINCOLN & LYDY for respondent.

The only contract made by the Dry Goods Company in relation to this land was its warranty deed. The supreme court lays down this rule, that "where a conveyance of real estate becomes complete the parties make and accept the covenants therein as measuring the liability on the part of the grantor and the compensation afforded the grantee in case of breaches. The contract becomes merged in the deed and the remedy for losses when sought in its covenants must be confined to such as they give." Matheny v. Stewart, 108 Mo. 73, loc. cit. 79. The appellant company delivered its warranty deed to Bradley and Bentley in November, 1893. Bradley and Bentley conveyed to plaintiff in May, 1894. The lease from appellant to Schmidt was made in August, 1893, and run three years, and the rent was payable annually, in August, at the end of each year. The loss of

possession and of the rent which the appellant company collected and now holds, falls on plaintiff, Langenberg. Under somewhat similar facts the supreme court holds, speaking of covenant of seizin, "whatever may be the rule elsewhere, with us it is more than a covenant in the present tense. It is rather a covenant of indemnity and it has often been held that it runs with the land to the extent that if the covenantee takes any estate, however defeasible, or if possession accompanied the deed though no title pass, yet, in either event, this covenant runs with the land and inures to the subsequent grantee upon whom the loss falls." Allen v. Kennedy, 91 Mo. 324–329, citing Dixon v. Desire, 23 Mo. 151; Chambers v. Smith, 23 Mo. 174; Maguire v. Riggin, 44 Mo. 512; Jones v. Whitsett, 79 Mo. 188. A covenant of warranty is equivalent to a covenant for quiet enjoyment, and a covenantee may sue the first or any succeeding covenantor. Devlin on Deeds, secs. 931–934, and authorities cited; 4 Am. and Eng. Ency. of Law, 485, and cases cited. The covenant of seizin of an indefeasible estate is in fact a covenant against incumbrances as well as of seizin and of title. 4 Am. and Eng. Ency. of Law, 478, and cases cited; Devlin on Deeds, sec. 887, vol. 2; Collier v. Gamble, 10 Mo. 467, loc. cit. 473. Appellant raises the point in this court for the first time that the deed from Bradley and Bentley to plaintiff is a quitclaim and ineffectual to transfer the right to maintain this action against appellant. The damages allowed by the court were such as plaintiff himself sustained subsequent to the time he became the owner. The deed to plaintiff contains the words "grant, bargain and sell," and is in the form of a warranty deed with no reservation of any right or claim whatsoever in the grantors. The only effect that can possibly be given to the special warranty clause is that the grantors therein intended to

provide that no action against them should be maintained on account of the Schmidt possession. Without the clause this could not not have been done. Kornig v. Branson, 73 Mo. 634.

JAMES R. VAUGHN and CHARLES J. WRIGHT for appellant.

All contracts should be construed and given effect according to the intentions of the parties to them, and where a contract is made looking to the future, which embraces not only the execution of a deed, but other matters clearly not intended to be embraced in the deed, nor governed by its covenants, the partial execution of such contract does not annul nor operate as a discharge of other features of the contract. In this case the contract was originally made between Chas. H. Heer, Jr., and Sr., F. X. Heer and Robert Andres, who at that time held about all of the stock of the Heer Dry Goods Company, and provided that the possession of the said premises, being then in the possession of a tenant, should not pass to the vendees, Bentley and Bradley, upon the execution of a deed, and this feature of the contract remained alive and in force after the execution of the deed. Close v. Zell, 141 Pa. St. 390; Williams v. Frybarger, 37 N. E. Rep. 302; Stockton v. Gould, 24 Atl. Rep. 160. Where an agreement binds a party thereto to give a lease and the same contained certain stipulations evidently not intended to go into the lease, but shown to be obligatory *in presenti* it was held that such stipulations were not merged in the subsequent execution of the lease. Pillsbury v. Morris, 56 N. W. Rep. (Minn.) 170. The evidence in this case shows that this contract relating to the possession of the land after the execution of the deed, was to remain in force after the delivery of the

deed.   As showing it, we refer to the fact that the rent was paid to Bentley and Bradley in pursuance of such stipulations, and accepted by them in August, 1894; and, moreover, in the suit subsequently brought by Langenberg, the right of Schmidt, the tenant, to remain in possession of the premises the first year was distinctly recognized.   Again, Langenberg recognized it as being in full force, and brought an action on that contract long after the execution of the deed, and in which he sought recovery of damages on account of the occupancy of the premises by Schmidt, and recovered such damages.   That contract was not merged in the deed, for the reason that it contained numerous stipulations regarding certain goods being exchanged, the prices thereof, bills of sale, other lands, a penalty for default, etc., and not being merged, it governed, and hence there was no right of action on the covenants.   An agreement made at the same time, and a part of a contract of sale of certain premises, restricting the use of the premises in certain particulars, or to repair the buildings on the premises, is not merged in a deed subsequently made under the contract; nor does evidence of such stipulation violate the rule that parol evidence can not be admitted to vary or contradict a writing.   Hall v. Solomon, 61 Conn. 476; Tallmade v. Bank, 26 N. Y. 105;  Willis v. Hulbert, 117 Mass. 151. The parties defendant in the first suit, to wit, the Heers and Andres, composed the board of directors, officers and shareholders of the defendant company. They made the contract to convey, which was sued on, and which contract was ratified and fulfilled by the defendants subsequently making the conveyance.   In making said contract the said Heer and Andres acted as the agents of the defendant corporation so far as the sale of the said land was concerned, and the first suit against them is a bar and an estoppel in this action

against this principal for the same matters. A suit against an agent is a bar to a suit involving the same subject-matter against the principal. The subject-matter of the two suits is the same. Caskill v. Noyse, 14 N. Y. 329; Green v. Clark, 12 N. Y. 343; Galligar v. City of Moundsville, 34 W. Va. 730; Emery v. Foster, 39 Me. 26. While the parties signing the original contract did not, in terms, say they were acting as agents, such agency is shown by subsequent developments and the surroundings. The defendant subsequently made the conveyance provided for in said contract and ratified it, or, as you might say, showed that it had directed it in the beginning; and, again, McMasters, who was a party in interest at the time, swears that defendant in this case agreed to deliver possession, etc., as provided in said contract, which shows that he understood the said Heers and Andres were only acting as agents of the company. Again, where a judgment is recovered against an agent who does not disclose his agency, it certainly would not be held that upon a subsequent disclosure of the agency a new action could be brought against the principal, and that the first action was not a bar to such new action. An action by a vendee upon a deed containing covenants of warranty on account of an outstanding lease should be upon the covenants against incumbrances. Such a lease has been held by the courts as an incumbrance. Taylor v. Heitz, 87 Mo. 660; Buren v. Hubble, 54 Mo. App. 617.

BOND, J.—This is an action for a breach of covenants in a deed to land. * * * It was submitted to the court without a jury and a judgment rendered in favor of plaintiff for $375, from which defendant appeals. On the trial the following facts were shown:

VOL. 74 app—2

About the first day of August, 1893, the Chas. Heer Dry Goods Company as the owner of the premises in question leased the same in writing to Wm. B. Schmidt for a term of three years for the rental value of $150, payable at the end of each year.    On the thirteenth of November following it conveyed the same premises by warranty deed to the individuals composing the firm of Z. T. Bradley and Company, and the latter firm in May, 1894, conveyed the land to the plaintiff.    While the statutory words "grant, bargain and sell," were used in both deeds, the deed to plaintiff limited the effect of these terms to acts done or suffered by his grantors.

Before the execution of its deed to Bradley and Company by the Chas. Heer Dry Goods Company, a corporation, certain individuals who were stockholders therein, entered into a contract with Bradley and Company to secure a termination of the lease existing upon said premises within one year.    This contract was assigned to plaintiff by Bradley and Company.    Plaintiff brought suit thereon and recovered a judgment for $33, which was paid.    Thereafter plaintiff brought an action for the forfeiture of the lease of said premises on account of the failure of the tenant to comply with the terms of the lease to him as to sowing clover seed. This being decided in favor of the tenant, plaintiff brought another action against him for the possession of the premises for failure to pay rent reserved.    This suit was ultimately determined in favor of the plaintiff in this court.    Langenberg v. Schmidt, 69 Mo. App. 281.    There was evidence tending to show that the rental value of the premises was $150 per annum. The damages claimed in the present action are the rental value during the time plaintiffs were kept out of possession of the premises by the lease of the defendant.    There was evidence tending to show that prior

to the dispossession of the tenant he paid the rent accruing under the lease to him to the president of the defendant, except those due for the first year of his tenancy, which was paid to the plaintiff.

The defenses pleaded are *res judicata*, estoppel and non-assignability to plaintiff of the covenants raised by the statutory terms in the deed from defendant.

The first two objections need not be discussed, since the record does not disclose any former adjudication of the issues herein between the present parties or any matter of estoppel on the part of plaintiff to pursue the remedy now sought. The important question is whether plaintiff under the conveyance to him can allege a breach of defendant's covenants in the deed made by it? The effect of the terms used in defendant's deed was to obligate it to make good the three statutory covenants created by the use of the words "grant, bargain and sell." This action can not be supported on the statutory covenant against incumbrances, for the incumbrance shown by the record being a valid lease for a term of three years was not removable until the expiration of its term, and hence (in the absence of words of special assignment) extinguished the running of that covenant beyond the first grantee of defendant. Buren v. Hubbell, 54 Mo. App. loc. cit. 624, and citations; Blondeau v. Sheridan, 81 Mo. 545. Nor can the present action be supported on the covenant for further assurance, for there are no facts in this record calling for the application of that covenant. This leaves for consideration only one other covenant, which is the first one arising from the use of the statutory terms, and is, to wit, "that the grantor was at the time of the execution of such conveyance seized of an indefeasible estate in fee simple" in the real estate.

When the covenant for seizin was introduced in the colonies it was generally expressed by the terms "is

lawfully seized," "or has a good and sufficient seizin," or similar words, and although these terms imported in England at that time seizin of an indefeasible estate, the English construction was not adopted in many of the American courts, it being held by the latter that a covenant so expressed did not require the grantor to have indefeasible estate and was not broken, if actual seizin, however tortious, was transmitted under color of title to the purchaser. Rawle on Covenants for Title, secs. 41 and 42. This variance on the part of some of the American courts from the English construction may account somewhat for the conflict in the decisions of some of the states as to the meaning of the covenant of seizin. See 4 Am. and Eng. Ency. of Law, title Covenant, p. 478, notes headed "Missouri Doctrine, and Cause of Conflict," and cases cited. With us, however, the English doctrine as to the extent of this covenant has been established by the express language of the statute of conveyances. R. S. 1889, sec. 2402. The force of this covenant in Missouri, binds the grantor to assure "the very estate in quantity and quality" which he undertook to convey. Whether it is broken depends upon the facts showing impairment of the title and estate granted. If these exist, the covenant is necessarily broken when entered into and a cause of action for nominal damages, at least, at once arises. Whether substantial damages may be then recovered depends upon the nature of the outstanding right or title as to the entirety of the damages thereby occasioned and their computability in one action. Eagan v. Martin, 71 Mo. App. 60, and cases cited; Taylor v. Heitz, 87 Mo. 660. Notwithstanding this covenant if broken at all, is broken when COVENANT broken: made, still it is held by our courts to be transmissible. one that runs with the land and transmissible, without words of special assignment by a deed

from one grantee to another whenever the unrestricted statutory terms creating it are used in the instrument of conveyance. Allen v. Kennedy, 91 Mo. 324, and cases cited; affirmed in Foote v. Clark, 102 Mo. 406; affirmed in Adkins v. Tomlinson, 121 Mo. loc. cit. 495. It imports an obligation both in the present and in the future and as such may be sued upon by the subsequent grantee, although it was broken while the title was in the prior grantee, provided the latter did not sue before transmitting the title, and providing the subsequent grantee has suffered loss by the breach of the covenant. Appellant contends that in as much as the deed from plaintiff's immediate grantor contained a restriction of liability to acts done by or through him no transfer to plaintiff of the covenants of the original grantor (the defendant) took place. This position can not be maintained. The restriction in question merely limited the obligation of the maker of the deed containing it, and in no wise the obligation of the maker of a prior deed containing covenants without any restriction. In the case at bar the existence of a prior lease of the land for three years, when defendant's deed was made containing a covenant of seizin LEASE: covenant, breach of. of an indefeasible estate, was a breach of that covenant, for which action might have been maintained and full damages recovered by the first grantee. As he, however, did not sue, his deed to plaintiff carried the covenant, and plaintiff became entitled to sue thereon and recover to the extent he was damnified by the outstanding lease. The undisputed facts show that plaintiff was prevented from getting possession of the premises or receiving rent therefor for two years and two months. The courts found the rental value of the land to be $150 per year and gave judgment in favor of plaintiff for $375. The motion for new trial attacks this judgment as excessive.

The point is well taken. The judgment should at most have been for $325 for the two years and two months of plaintiff's dispossession, and this should have been credited with $33 received by plaintiff in an action for damages against the obligors in a contract to give him possession.

If, therefore, plaintiff will remit in ten days $83 of his recovery the judgment for a balance of $292 in his favor will be affirmed, otherwise the judgment herein will be reversed and the cause remanded. It is so ordered. All concur. Judge BIGGS in result.

REMITTITUR ordered.