Chambers' Adm'r v. Smith's Adm'r.

———————

CHAMBERS' ADMINISTRATOR, Plaintiff in Error, v. SMITH'S ADMINISTRATOR, Defendant in Error.

1. The statutory covenants of indefeasible seizin, against encumbrances, &c., contained in the words "grant, bargain and sell," are covenants running with the land. (See Dickson & Gantt v. Desire's adm'r, ante, p. 151.)

2. A demand against the estate of an intestate on account of the breach of the statutory covenant of indefeasible seizin, and against encumbrances contained in a deed made by such intestate, is not barred by not having been exhibited against the estate within three years after the granting of letters of administration, where the right of *substantial* recovery did not accrue before the lapse of the said term.

1. A. owning a lot of ground gives a bond to convey the same to B. upon the payment by B. of the sum of $1500, within five years; this bond is duly recorded; afterwards, A. "grants, bargains and sells" the same lot to C., and C., by a deed of the same tenor, conveys to D.; B. afterwards brings suit for the specific performance of the bond against the administrator of A., and obtains a decree directing said administrator to make a deed to B., which is accordingly done; this deed is dated more than three years after the date of the letters of administration granted to said administrator: *held*, that the right of D. to recover for the breach of the covenants contained in the words "grant, bargain and sell" in the deed of A. to C., is not barred by a failure to exhibit the claim against the estate of A. before the expiration of the term of three years from the date of the letters of administration. No demand accrued against the estate of A. until the date of the administrator's deed.

*Error to St. Louis Land Court.*

This is an action commenced September 14, 1853, to recover damages for the breach of the covenants of seizin and against encumbrances, contained in the words " grant, bargain and

sell" in a deed of Thomas F. Smith, defendant's intestate, to one Elias B. Smith. This deed purported to convey in fee a lot of ground in the city of St. Louis, and was dated November 21st, 1843. It contained the words "grant, bargain and sell," and was duly acknowledged and recorded. Elias B. Smith, by deed of the same tenor, dated March 11, 1844, conveyed the said lot to William Chambers. William Chambers died May 4th, 1849, and letters of administration upon his estate were granted to plaintiff, Thomas L. Sturgeon.

Prior to the said deed of Thomas F. Smith to Elias B. Smith, the former had made his bond to convey the same lot to one Sarah D. Todd, upon the payment by her within five years from the date of said bond, July 25th, 1843, of the sum of $1500, with interest. This bond was duly acknowledged and recorded September 15th, 1843. Under this bond, Sarah D. Todd entered into possession of the lot, and paid the annual interest for five years, and at the end of that time she paid over the principal, $1500, to T. F. Smith's administrator, and instituted proceedings in equity and obtained a decree, December 21st, 1848, directing the administrator of T. F. Smith to make a deed conveying the lot to herself. A deed was accordingly made by said administrator, dated December 28th, 1848.

Thomas F. Smith died December 15th, 1843, and letters of administration upon his estate were given to one Beckwith, December 23, 1843. He gave notice of his administration in due form of law. Beckwith died December 25, 1853, and C. C. Whittelsey was appointed administrator *de bonis non* of T. F. Smith's estate. There was no final settlement of the estate of the said Smith when this suit was brought or when the trial in this cause was had.

Defendant, Whittelsey, in his answer set up as a bar to this action the statutory limitation of three years, within which claims must be exhibited against an intestate's estate; also denies the assignment or transfer of the covenants sued on from Elias B. Smith to William Chambers. The court gave the following instruction to the jury: "The covenant in the

deed from Thomas F. Smith to Elias B. Smith of seizin of an indefeasible estate in fee simple, free from all encumbrances, is a covenant in the present tense, and is broken, if at all, as soon as made ; and if the holder of the covenant did not present the claim for allowance against the estate of the said T. F. Smith within three years after the date of the letters of administration, supposing that the administrator gave the required notice, the claim of the plaintiff, as stated in this suit, is barred ;" whereupon the plaintiff voluntarily submitted to a nonsuit with leave to move to set the same aside. This motion having been made and overruled, the case is brought here by appeal. Exceptions were duly taken by plaintiff.

*B. A. Hill*, for plaintiff in error.

I. The code of 1849, art. 3d, authorizes the suit by the plaintiff as assignee of the covenants in the deed from T. F. Smith. The action must be prosecuted by the party in interest.

II. The principal question in this case arises upon the statutory limitation of three years, in the administration act. At the time the three years expired in December, 1846, the legal title was still in Mr. Chambers. The executory control of Smith with Todd was subsisting as an encumbrance, and the case of Collier v. Gamble, (10 Mo. 472,) would only authorize the recovery of nominal damages ; for it could not appear that the title would ever vest under the executory contract until the payment of the purchase money by Mrs. Todd. The title of Mrs. Todd did not become paramount to the title of Mr. Chambers until the execution of the deed under the decree in December, 1848 ; but yet it was a *quasi* encumbrance, which, upon the perfection of the legal title, related back to the date of the recording of the contract, August, 1843, and overrides our deed of November following. Unless this be so, William Chambers died seized in fee. But the recording of the contract raised an equity in Mrs. Todd against all subsequent purchasers, and that equity was, after the three years' bar, turned into a legal estate, and become a title paramount to ours. The case of Collier v. Gamble clearly recognizes the plaintiff's right to sue for the

actual damages after the equitable title was turned into a legal estate. Upon what principle, then, can the right to recover nominal damages for the technical breach of the covenant, bar the plaintiff from recovering the actual damages occasioned by the subsequent total loss of the title? The contingency upon the happening of which the real damages ensued, could not be foreknown, for it was impossible to foresee whether Mrs. Todd would comply with her contract of purchase.

III. Was there any limitation after the first three years expired other than the general limitation; and if so, was the plaintiff, under the circumstances of this case, barred by the statute in the administration act? The bar must be created by statute, or there is none. The true reason why the demand, which is not due, is not barred by the three years, after letters, is, because it is not a demand within the meaning of the act, as against the estate, until it becomes due. This holds good of an ordinary money demand; but such demands are now subject to be proved up as if they were due, by an express statute, so that the bar would apply to them. But this demand of plaintiff was not a demand against the estate of Smith within the meaning of the statute, until 1848. It could only become a demand after the happening of an uncertain contingency. It is not therefore within the spirit or meaning of the administration act. If it had been the intention of the legislature to bar demands subsequently accruing against the estate, if not presented within three years from the time they accrued, it would have been so expressed.

*C. C. Whittelsey*, for defendant in error.

The St. Louis Land Court had no jurisdiction of the subject matter. The suit is to recover money due upon a covenant, and the act creating the Land Court does not authorize the action. (Sess. Acts, 1853, p. 90 ; 20 Mo. 596.)

II. The deed from E. B. S. to W. C. did not purport to assign any right of action, existing upon the covenants in the deed, arising from any breaches of said covenants, and the deed purporting to convey the land does not pass a chose in action.

(Collier v. Gamble, 10 Mo. 467, 472; Mitchell v. Warne, 5 Conn. 497; Davis v. Lyman, 6 Conn. 249; Greenly v. Wilcocks, 2 J. R. 1; Hamilton v. Wilson, 4 J. R. 72; Abbott v. Allen, 14 J. R. 248; Cornell v. Jackson, 3 Cush. 509.)

III. The covenants, if broken at all, were broken as soon as made, and the cause of action was immediate. (Collier v. Gamble, 10 Mo. 467; Reese v. Smith, 12 Mo. 344.)

IV. The demand, not having been presented within three years, is barred. (R. C. 1845, p. 91, sec. 2; 17 Mo. 286; 13 Mo. 125; 11 Mo. 237; 9 M. 227; 15 Mo. 322.) The deed made under the decree of the Circuit Court was made in December, 1848, and this suit was not brought until September, 1853, so that in any event more than three years have elapsed since he might have presented his claim. (Finney, adm'r of McAlister, v. State, to use, &c. 9 Mo. 325.)

V. Upon the plaintiff's own showing, he took no estate that would carry his covenants, for he alleges there was no seizin in law, and Sarah D. Todd had an adverse seizin in fact.

VI. If T. F. Smith had the legal title, then his deed passed it to E. B. Smith, and there has been no breach of the covenant of seizin, and, under the covenant against encumbrances, the plaintiff shows no damage. (See Rawle on Cov. 595; Clark v. Swift, 3 Metc. 390; Pierce v. Johnson, 4 Verm. 255; Webber v. Webber, 6 Greenl. 138.)

LEONARD, Judge, delivered the opinion of the court.

The questions here are the same that were involved in the case of Dickson & Gantt v. Desiré's adm'r, (ante, p. 151,) and we refer to the opinion in that case for the principles that must govern us here, and shall proceed at once to make an application of them.

Our statute covenant of seizin runs with the land until some damage results from the breach of it; when the right to a substantial recovery arises, the covenant is then broken; the owner of the estate is entitled to the benefit of it, and his cause

of action will be considered to have then accrued within the meaning of the statute of limitations. If there be a total defect of title, defeasible and indefeasible, and the possession have not gone along with the deed, the covenant is broken as soon as it is entered into, and can not pass to an assignee upon any subsequent transfer of the supposed right of the original grantee. In such case, the breach is final and complete ; the covenant is broken immediately, once for all, and the party recovers all the damages that can ever result from it. If, however, the possession pass, although without right, if an estate in fact, although not in law, be transferred by the deed, and the grantee have the enjoyment of the property according to the terms of the sale, the covenant runs with the land and passes from party to party, until the paramount title results in some damage to the actual possessor, and then the right of action upon the covenant vests in the party upon whom the loss falls ; and we so held at the present term, in the case to which I have referred. In the present case, however, the possession did not accompany the deed from Thomas F. Smith to Elias B. Smith ; and if no right were transferred by that transaction, the covenant was incapable of running with the land, and the right of action accrued immediately, and of course was barred by the limitation referred to. It is to be observed, however, that the legal title did pass, and although the first grantee was seized, yet it was not an indefeasible seizin in fee, if it be true that the title transferred was liable to be defeated by the contract of sale entered into with Mrs. Todd. Upon an express covenant of seizin, merely, it might be otherwise ; but it can not be so under the statute covenant, where the obligation imposed is that the party is seized of an *indefeasible estate* in fee simple. When Mrs. Todd's contract of purchase, which was put upon the record, was completed, she had a right to demand the legal title from the original vendor, or from Elias B. Smith and his successors, who purchased in legal contemplation with notice of the lien of Mrs. Todd's contract. This contract was completed and subsequently enforced against the

original grantor, or, rather, against his estate, by an adminis-
trator's deed, made under an order of the proper tribunal for
that purpose, and the present cause of action then accrued, and
to the party who then owned the title derived from Thomas
Smith through Elias Smith. The inferior court erred, there-
fore, in declaring that it accrued, if at all, when the original
deed was made, and was barred by the lapse of three years
from the grant and notice of administration. In reference both
to the limitation and to the person entitled to the benefit of the
covenant, we look in a case of the present character to the
right of substantial recovery, and will not hold a party barred
by the lapse of time which ran before he was allowed to recover
(for we make no distinction here between no recovery and a
mere nominal one); nor will we deny the action, allowed only
in respect to the actual damage, to the party upon whom it
has fallen, and allow it to the orginal grantee, except so-far as
he may be bound to indemnify his immediate grantee by reason
of his own covenants.

We remark, in conclusion, that the parties have proceeded
before us upon the idea that the administrator's deed divested
the legal title out of Chambers, to whom it had come through
Elias B. Smith, and, whether it had this effect or not, by rela-
tion to the time of the contract or otherwise, can not be mate-
rial to the real rights of these parties ; for, if it had not, and
the legal title were still in the party to whom it had passed, it
was but the dry, naked title, held in trust for Mrs. Todd, and
subject to be divested, as a matter of course, upon a proceed-
ing for that purpose, founded upon the original contract and
subsequent acts. And we may dispose of the case, for the
present at least, upon the grounds upon which it has been
placed, as the right of action certainly, under the view now ta-
ken of the law, did not accrue *before* the making of the ad-
ministrator's deed, as the court below declared. The judg-
ment is reversed, and the cause remanded ; Judge Ryland con-
curring.