ALLEN V. KENNEDY, *Appellant.*

1. **Covenants of Seisin and Warranty, Action for Breach of:** EVIDENCE : DEED : CONSIDERATION. Where plaintiff sues for breach of the covenants of seisin and warranty, contained in the deed of the defendant to plaintiff's grantor, the recital of the consideration in the deed to plaintiff from his grantor does not constitute *prima facie* evidence against defendant of the sum paid by plaintiff for the land.

2. **Deed :** RECITAL OF CONSIDERATION : THIRD PERSONS. The recital in the consideration clause of a deed is not, as to third persons, evidence of the amount paid, or the value of the premises.

3. **Covenant of Seisin :** RUNNING WITH LAND. A covenant of seisin is, in this state, more than a covenant in the present tense. It is a covenant of indemnity, and runs with the land to the extent that if the covenantee takes any estate, however defeasible, or if possession accompanies the deed, though no title passes, yet, in either event, the covenant runs with the land and enures to the subsequent grantee who sustains the loss.

4. **Breach of Covenants :** ASSIGNMENT OF DAMAGES FOR. Damages arising from the breach of the covenants in a deed, may be assigned so as to enable the assignee to sue in his own name, and, when assigned, the latter alone can sue.

5. ———: ASSIGNMENT OF PRIOR COVENANTS. So a deed made to plaintiff, after the covenants in the deed from defendant to plaintiff's grantor were broken, will operate as an assignment of said prior covenants so as to protect the plaintiff as to the damages he sustained.

*Appeal from Jackson Circuit Court.*—HON. T. A. GILL, Judge.

REVERSED.

*Waters & Wyne* for appellant.

(1) Defendant's instruction, in the nature of a demurrer to the evidence, should have been given. The only covenant alleged to have been broken, is that of

seisin. A covenant of seisin is a personal covenant in the present tense, and, if broken at all, is broken the moment of its creation, and is immediately converted into a mere chose in action, which is incapable of running with the land, and which can be taken advantage of only by the covenantee, or his personal representative, and neither pass to an heir, a devisee, nor a subsequent purchaser. Rawle on Cov. 336 ; *Blondeau v. Sheridan*, 81 Mo. 545 ; *Hall v. Bray*, 51 Mo. 288 ; *Davidson v. Cox*, 10 Neb. 150. Covenants *in præsenti* being broken as soon as made cannot, for obvious reasons, run with the land to subsequent owners, so as to entitle them to sue for breach thereof. 3 Wash. Real Prop. [3 Ed.] 394. If there be a total defect of title, defeasible and indefeasible, and the possession have not gone along with the deed, the covenant is broken as soon as entered into, and cannot pass to an assignee upon any subsequent transfer of the supposed right of the original grantee. *Chambers v. Smith*, 23 Mo. 179. (2) Covenants only run with the land until breach ; they then become choses in action, which cannot be assigned. Therefore, suit cannot be brought by, or against, an assignee, for breach of covenants that have fully occurred before assignment. *Shelby v. Hearne*, 6 Yerg. 512 ; *St. Saviour v. Smith*, Burr. 1271 ; *Grescott v. Green*, 1 Salk. 199 ; *Tillotson v. Boyd*, 4 Sandf. 516 ; *Cuthbertson v. Irving*, 4 Hurl. & Norm. 742 ; *Walton v. Crowley*, 14 Wend. 62 ; *Hentz v. Thomas*, 7 Md. 346 ; *Paul v. Merse*, 8 B. & C. 486 ; *Patton v. Deshon*, 1 Gray, 329 ; *Johnson v. Sherman*, 15 Cal. 287 ; *Quackenbush v. Clark*, 12 Wend. 557 ; *Armstrong v. Wheeler*, 9 Cowen, 89. (3) There is no allegation of breach of covenant for further assurance, nor facts stated in the petition constituting such breach. Green & Meyers' Mo. Plead. & Prac., secs. 686, 687 ; Rawle on Cov. 197, 198 ; *Campbell v. Moore*, 3 Mo. 597. (4) The measure of damages would be the damage plain-

tiff has actually sustained. *Dickson v. Desire*, 23 Mo. 166. (5) There is no evidence that plaintiff is damaged, nor evidence from which the damages, if there be any, can possibly be arrived at. The consideration recited in the deed from Patterson to plaintiff is no evidence as against defendant. *Alexander v. Campbell*, 74 Mo. 146.

*A. M. Allen pro se.*

(1) The covenant of seisin, by virtue of the statute, is made to run with the land, and is, in effect, the same as though the grantor was in the actual possession at the time of the conveyance, and had transferred such possession to his grantee. *Vancourt v. Moon*, 26 Mo. 92. (2) Breach of covenant of seisin is assignable under the practice act. The action must be brought in the name of the assignee, and where, before enforcing his remedy for breach of covenant, the covenantee executes a conveyance of the land, it is, unless there be something to show a contrary intention, presumed that he intends to pass to his grantee the benefit of the covenant—that is, all his right to sue for the breach, so far as the grantee sustains injury by reason of it. *Kimball v. Bryant*, 25 Minn. 496; *Scofield v. Iowa Homestead Co.*, 32 Ia. 317; *Hagar v. Buck & Griffin*, 44 Vt. 285; *Allen & Brown v. Little*, 36 Me. 170; *Vanderen v. Relf*, 20 Mo. 455. (3) The facts alleged in the petition show a breach of the covenant of warranty. The facts, if not expressly stated, are necessarily implied, and, taken in connection with the answer and the proof introduced at the trial, are sufficient to sustain the judgment of the court. *Kown v. Williams*, 77 Mo. 463; *Edmonds v. Phillips*, 73 Mo. 58; *Garth v. Caldwell*, 72 Mo. 752; *Bowie v. City of Kansas*, 51 Mo. 454; *State of Missouri ex rel. v. County Court*, 51 Mo. 522; *Snyder v. Jennings*, 15 Neb. 372; R. S., sec. 3582. (4) The covenant of warranty, and the covenant of quiet enjoyment, are prospective, run with the land, and if, at the time of the conveyance,

the grantee finds the premises in the possession of one claiming under paramount title, the covenant of quiet enjoyment and of warranty will be held to be broken, without any other act on the part of the grantee or claimant.  By the conveyance, Patterson assigned all her interest in the covenant to respondent.  *Blondeau v. Sheridan*, 81 Mo. 555 ; *Kimball v. Bryant*, 20 Minn. 496 ; *Dickson v. Desire*, 23 Mo. 165 ; Wash. on Real Prop. [3 Ed.] 404, and cas. cit.; *Grannis v. Clark*, 8 Cowen, 41 ; *Mayberry v. McClurg*, 51 Mo. 256 ; *Park v. Bates*, 12 Vt. 383 ; *Whitteak v. Cook*, 15 Johns. 483. (5) The measure of damages is the amount paid by respondent, not exceeding the amount paid by Patterson. *Kingsbury v. Millner*, 69 Ala. 504 ; *Moore v. Frankenfiell*, 25 Minn. 540 ; *Allen v. Walsch*, 36 Md. 129 ; *Price v. Neal*, 90 N. C. 290 ; *Wilson v. Peele*, 78 Ind. 384 ; *Hutchins v. Roundtree*, 77 Mo. 500.   (6) All parties to a deed, as well as those privies in blood, estate, or in law, are bound by the recitals it contains.  *Hasenritter v. Kirchoffer*, 79 Mo. 242 ; *Stoutimore v. Clark*, 70 Mo. 471.

BLACK, J.—On the fifth day of May, 1875, the defendant conveyed the forty acres of land in question to Patterson, by a deed containing the statutory words, "grant, bargain, and sell," and also a covenant of general warranty.   On the twelfth of September, 1878, Patterson, by a like deed, conveyed the same land to plaintiff.   Plaintiff brings this suit for damages on the covenants in the deed to Patterson.

1.   There is a question made as to whether the petition declares on the covenants of seisin only, or on that and the covenant of warranty.  The petition is very carelessly prepared, but we think it shows a purpose to declare on both.  As the cause will be remanded, the plaintiff can amend so as to bring both covenants fully

on the record proper, and we shall treat the case as if such an amendment were made.

2. The plaintiff put in evidence the two deeds before mentioned, and showed that the land was a part of the swamp lands of Chariton county, and that Riddle was the owner, by deeds, from and through the county. He testifies that, after he bought the land he found defendant had no title, and, on further inquiry, found that Riddle had taken possession long before plaintiff had purchased the same. The plaintiff concedes that the full measure of his damages is the amount he paid, with interest. For proof of damages he relies alone on the recital of three hundred and fifty dollars consideration paid by him in his deed from Patterson ; and the question is whether this made out a *prima facie* case. As to the parties to a deed, the consideration clause is *prima facie* evidence, but it has the force and effect only of a receipt, and is open to explanation and contradiction, not for the purpose of defeating the deed as a conveyance, but for the purpose of showing the true consideration. 57 Mo. 552 ; 76 Mo. 33. Generally, however, the recital in the consideration clause is not evidence of the amount paid, or the value of the premises as to third persons. *Rose v. Taunton*, 119 Mass. 100. We have held that the recital of the place of residence of the grantee in a deed is not evidence of the fact in his own favor. 30 Mo. 166. The question arose in a foreclosure suit in a case decided by the supreme court of Ohio, and reported in 1 West Rep. p. 53. There H. sold the property and by his contract agreed to make a deed upon payment of the purchase money. He then made the mortgage on the same premises. Thereafter the purchaser assigned his contract and the successive assignees made divers payments. H. then made a deed to the last assignee, reciting payment in full, and it was held this recital was not evidence of payment in full as against the mortgage. A substantial issue in this case

was, how much did Allen pay, and the burden of proof was upon the plaintiff. The statement of the amount paid in the deed is no more than the declaration of Patterson. Kennedy is no party to that deed, claims nothing under it, and we must hold there was a failure of proof. Where the contest is between a prior unrecorded deed, and a subsequent recorded deed, the question is, whether the holder, under the recorded deed, purchased in good faith for value and without notice. The deed there may well be regarded as giving the grantee a *prima facie* standing in court, but we express no opinion here in that class of cases ; the issue there is unlike the present one.

3. As to the covenant of seisin of an indefeasible estate in fee-simple, the claim is, that this covenant, if broken at all, is always broken when made, and does not run with the land. Whatever may be the rule elsewhere, with us, it is more than a covenant in the present tense. It is rather a covenant of indemnity, and it has often been held that it runs with the land to the extent that if the covenantee takes any estate, however defeasible, or if possession accompanies the deed, though no title pass, yet, in either event, this covenant runs with the land and inures to the subsequent grantee, upon whom the loss falls. *Dixon v. Desire*, 23 Mo. 151 ; *Chambers v. Smith*, 23 Mo. 174 ; *Maguire v. Riggin*, 44 Mo. 512 ; *Jones v. Whitsett*, 79 Mo. 188.

4. Both covenants in the Kennedy deed were broken before the plaintiff purchased ; for Riddle, the owner of the title, had taken possession under it, and Patterson was without title or possession. On this state of the case the contention of the defendant is, that covenants only run with the land until breach ; that they then become choses in action, which cannot be assigned. Many authorities do hold that choses in action cannot be assigned so as to enable the assignee to sue in his own name at law, but that is not the law of this state. Dam-

ages arising from the breach of the covenants in a deed may be assigned, and when assigned, the assignee, and he alone, can sue. *Van Doren v. Relfe*, 20 Mo. 456. The only remaining question is, whether the deed to plaintiff will operate as an assignment of the prior covenants so as to protect the assignee as to the damages he has sustained. As having some bearing upon this question, it may be stated that, by our statute, any person claiming title to real estate, may, though there be an adverse possession, convey his interest as if he were in the actual possession. R. S., 1879, sec. 673. *Kimball v. Bryant*, 25 Minn. 496, was an action on the covenant of seisin in a deed from defendant to Hardy, who conveyed with full covenants to the plaintiff. The grantor in the first deed had no title, and it did not appear that he was ever in possession. The court said : "The covenant is taken for the protection and assurance of the title which the grantor assumes to pass by his deed to the covenantee ; and where the covenantee assumes to pass that title to another, it is fair to suppose that he intends to pass with it, for the protection of his grantee, every assurance of it that he has, whether resting in right of action or in unbroken covenant; so that if, before enforcing his remedy for breach of the covenant, the covenantee execute a conveyance of the land, unless there be something to show a contrary intention, it may be presumed that he intended to confer on his grantee the benefit of the covenant so far as necessary for his protection—that is, that he intends to pass all his right to sue for the breach, so far as the grantee sustains injury by reason of it." See, also, *Scofield v. The Iowa Homestead Co.*, 32 Iowa, 318.

In *Wead v. Larkin*, 54 Ill. 498, the court, after reaching the conclusion that, where the covenantee takes possession and conveys, the covenant of warranty in the deed to him will pass to his grantee, although the covenantor may not have been in possession at the time of

his conveyance, proceeds to say : "It is not, however, to be supposed, because we do not lay down a broader rule than is required by the case before us, that we hold, by implication, the covenants would not pass if the immediate covenantee should convey before taking possession. * * * We should be inclined, rather, to say, that, although the covenant of warranty is attached to the land, and for that reason is said, in the books, to pass to the assignee, yet this certainly does not mean that it is attached to the paramount title, nor does it mean that it is attached to an imperfect title, or to possession, and only passes with that, but it means, simply, that it passes by virtue of the privity of estate, created by the successive deeds, each grantor being estopped, by his own deed, from denying that he has conveyed an estate to which the covenant would attach."

As our covenant of seisin runs with the land, what is there said as to the covenant of warranty is equally applicable to it. The Patterson deed contains full covenants, and it was certainly the purpose to transfer to plaintiff whatever covenants and assurances the grantor held, whether broken or unbroken, and no good reason is perceived why the intention of the parties should not be made effectual, instead of being frustrated and wholly defeated. Had Patterson brought the suit on the covenants, we are of opinion that the deed to plaintiff would have been a complete defence. The plaintiff, on making proof of damages, will be entitled to recover. That many authorities would lead to a different result, is conceded, but the reason of many of them is overthrown, when it is shown that choses in action are assignable, that the covenant of seisin runs with the land, as an indemnity to the party who, in fact, suffers the loss, and that real property may be conveyed, though in the adverse possession of another.

The judgment is reversed and cause remanded. All concur.