WYATT *et al.* v. DUNN, *Appellant.*

Covenant Against Incumbrances : STATUTE OF LIMITATION. Where, at 'the time of the execution of a deed containing a covenant against incumbrances, a judgment lien exists against the land, the covenant is not to be considered as broken immediately so as to set the statute of limitations running, but as broken when the eviction or its equivalent occurs.*

*Appeal from Buchanan Circuit Court.*—HON. SILAS WOODSON, Judge.

AFFIRMED.

*D. H. McIntyre, J. H. Pratt* and *Allen H. Vories* for appellant.

(1) The court erred in admitting any testimony in favor of plaintiffs. The petition upon its face showed that the only ground relied upon to make out the case of the plaintiffs was a sale of a tract of land in the state of Illinois, upon which there was a judgment lien and a warranty in the deed against incumbrances. This covenant evidently was broken so soon as made, and the right of action accrued immediately to Cavanaugh, was a personal covenant, and did not run with the land. 2 Wait's Act. and Def., 372, 380. (2) The vendee in a conveyance, where the warranty is against incumbrances, does not occupy the position of a creator, so that he can set aside a fraudulent conveyance. 55 Ill. 261. (3) The statute of limitations in this case was well pleaded and sustained, and is decisive of the case. R. S., 1879, secs. 3229, 3230 ; *Rogers v. Brown*, 61 Mo. 187, 195. (4) The petition does not seek relief on the ground of not discovering the alleged fraud by the aggrieved party, in accordance with the fifth subdivision

(*) Withheld on motion for re-hearing.

of section 3230, or of improper action of defendants of
concealment or the like.  *Bobb v. Woodward*, 50 Mo.
103.  Being purchasers under the Cavanaugh judgment,
they stand precisely where the law placed him.  (5) The
suit of *Cavanaugh v. John W. Dunn* was commenced
in the Atchison circuit court, March 19, 1875, within the
ten years—at which time all parties certainly had notice,
and our statute then in force, under the head of attach-
ments, gave the full remedy to prevent the running of
the statute of limitations.  W. S., p. 192, sec. 51; G. S.,
p. 568, sec. 51.  (6) A stranger cannot take advantage
of a fraud against creditors, and cannot commence
suit to set aside a fraudulent conveyance.  *Reid v.
Mullens*, 48 Mo. 344.  (7) The evidence shows that
John W. Dunn had but $1,000, out of which he bought
horses, wagons, and other necessaries, and removed to
Missouri, and before the Van Luven farm was purchased,
paid $450 to Crossley for the Rock Port lot, and
had made no money since coming to Missouri.  Where
then could he have raised the additional $1,000 to pay
Van Luven the cash payment on the land?  Appellant
shows that he did not have the money.  Respondents
don't pretend to show where or how he could have gotten
it, whilst appellant does account for the money, and that
by direct and uncontradicted testimony.  Will the court
suppose that John W. Dunn had money when the evi-
dence shows he did not?  That is wherein the trial court
erred.  (8) If appellant or her brothers furnished the
money, no trust could result to the creditors of her
husband, and a fraud cannot be inferred from the mere
fact that John W. Dunn was indebted at the time of the
Van Luven purchase.  *Buckner v. Stone*, 48 Mo. 407;
*Bay v Sullivan*, 30 Mo. 791; *Porter v. McDowell*, 31
Mo. 62.  (9) The fact that John W. Dunn signed the
promissory notes to Van Luven, along with his wife,
could not create a resulting trust in favor of the credi-
tors of said husband, although he might have a marital

interest in said property. *McLaren v. Mead*, 48 Mo.
115. ( 10 ) There is no equity in plaintiffs' bill. It
wholly fails to charge that the defendant, John W.
Dunn, had no property, other than the lands charged in
the petition to have been fraudulently conveyed to
appellant, out of which the Brounfield debt and Cava-
naugh judgment could have been made.

*Bennett Pike* and *Vinton Pike* for respondents.

( 1 ) The substantial breach did not occur until
Cavanaugh was forced to buy in the outstanding title of
Thomas Brounfield, acquired by sale under the Broun-
field judgment, to prevent ejectment suit against him in
October, 1870, and the statute of limitations did not
begin to run until that date, or at least not until date of
sheriff's deed, August 5, 1879. *Dickson v. Desire*, 23
Mo. 151; *Chambers v. Smith*, 23 Mo. 174; *Maguire v.
Riggin*, 44 Mo. 512; *Walker v. Deaver*, 79 Mo. 664;
*Priest v. Deaver*, 22 Mo. App. 376 ; 3 West. Rep. 408.
( 2 ) Cavanaugh's suit would not have been barred
until four years after this suit was instituted, and as
plaintiffs stand in the creditor's shoes, they could be
barred only in the same length of time. In the case of
*Rogers v. Brown*, relied upon by appellant, the debt
was due and the statute began to run against it
before the fraudulent conveyance. "Every limita-
tion affecting the recovery of real estate requires
an adverse possession to support it." *Cape Girardeau
County v. Harbison*, 58 Mo. 90, 96; W. S., p. 915,
sec. 1. ( 3 ) The holding of Elizabeth A. Dunn, under
the deed of October 9, 1865, was not adverse to her hus-
band. He was, in fact, the party in possession, and in
an ejectment suit which might have been instituted, the
only proper party defendant. *Hunt v. Thompson*, 61
Mo. 148 ; *Wilson v. Garaghty*, 70 Mo. 517 ; *Cooper v.
Ord*, 60 Mo. 430.

HENRY, C. J.—On the ninth day of October, 1865, John W. Dunn, the husband of the defendant, purchased of John Van Luven the real estate in controversy in this action, lying in Atchison county, Missouri, and had the vendor to convey it by deed to his wife, the defendant. In August, 1864, John W. Dunn sold and conveyed to one Cavanaugh a tract of two hundred and forty acres of land in Champagne county, Illinois, by warranty deed with express covenant against incumbrances, of seisin, and to warrant and defend, etc. In August, 1862, one Brounfield obtained a judgment against Dunn for $802.33 in the circuit court of Champagne county, Illinois, which was a lien upon the land sold by Dunn to Cavanaugh, which lien, by the law of Illinois, continued for seven years from the date of the rendition of the judgment. To satisfy said judgment, forty acres of the land conveyed by Dunn to Cavanaugh were sold, and Cavanaugh, in an action against Dunn in the Atchison circuit court in this state, on the twenty-eighth day of January, 1876, recovered a judgment against Dunn for $834.07, for breach of said covenants, and $324.90 costs, upon which an execution was issued, and the land in controversy sold, on the fifth of April, 1876, to plaintiffs in this action, the object of which is to divest the defendant of the legal title, and invest it in the plaintiffs. The circuit court, on the hearing of the cause, made a decree in favor of the plaintiffs, as to one hundred acres of the land, leaving defendant's title to one hundred and sixty acres undisturbed, giving her that land and the improvements thereon as a homestead. She has duly prosecuted her appeal.

The main reliance of appellant for a reversal of the judgment is upon the statute of limitations. Her counsel contend that the covenant against incumbrances in Dunn's deed to Cavanaugh for the Champagne county land was broken as soon as made, and the cause of

action accrued immediately to Cavanaugh, and that covenant, therefore, did not run with the land; and as the breach occurred in 1864, the action against this defendant, who has had possession of the land in controversy since 1865, is barred by the statute of limitations. On the other hand, it is contended that the substantial breach did not occur until October, 1870, when Cavanaugh's land was sold to pay Brounfield's judgment.

In *Chambers' Administrator v. Smith*, 23 Mo. 174, it was held that the statutory covenant of seisin contained in the words, "grant, bargain, and sell," is a covenant running with the land. In *Dickson v. Desire's Administrator*, 23 Mo. 121, it had been previously held that the covenant of seisin implied in those statutory words was a covenant running with the land. In *Maguire v. Riggin*, 44 Mo. 512, the same doctrine was announced. There is a technical breach of the covenant of seisin the moment it is made, if the grantor was not then seized, but in the case of *Dickson v. Desire*, 23 Mo. 162, Judge Leonard said: "The true question would then seem to be, at what time the right of substantial recovery accrues; whether at the moment of the delivery of the deed, or is it postponed, under any circumstances, until the actual damage is sustained? It would seem impossible to hold, as we are asked to do in a case before us at the present term, that the cause of action accrues immediately, so as to set the statute of limitations in motion against the party, if we are to hold that during the whole period of its running, the party could not have recovered anything more than nominal damages." In *Chambers v. Smith*, 23 Mo. 179, it was said: "If there be a total defect of title, defeasible and indefeasible, and the possession have not gone along with the deed, the covenant is broken as soon as it is entered into, and cannot pass to an assignee upon any subsequent transfer of the supposed right of the original grantee. In such case the breach is final and complete;

the covenant is broken immediately, once for all, and the party recovers all the damages that can ever result from it."

The observations and argument of the learned judge are as applicable to the covenant against incumbrance as that of seisin. They are both technically broken as soon as the deed is delivered, if the grantor was not seized, in the one case, or there are existing incumbrances in the other. If the grantee gets possession of the land he can recover but nominal damages, until evicted for breach of the covenant of seisin, because, possibly, he may never be disturbed in his possession. So, in the other case, the incumbrance may never be enforced against the land. The possession of the grantee may never be disturbed. The grantor may pay off the incumbrance, if a pecuniary demand, or extinguish a dower right, or other right in the land, recognized as an incumbrance, as contradistinguished from a superior title. But, without pursuing the argument, this court, in the case of *Walker v. Deaver*, 79 Mo. 664, expressly held that, until an actual loss or eviction, or its equivalent, the damages recoverable for the breach of the covenant against incumbrances are only nominal, and that when possession is had by the grantee it runs with the land.

In *Thayer v. Clemence*, 22 Pick. 493, a tract of land was conveyed to one Newell, by the defendant, "with the incumbrance of a mortgage deed to Salem Towne for the payment of five hundred dollars," and the covenants in the deed were as follows : "I do, for myself," etc., "covenant with the said Hiram Newell, his heirs and assigns, that I am lawfully seised in fee of the aforegranted premises ; that they are free of all incumbrances except the mortgage deed to Salem Towne above mentioned ; that I have good right to sell and convey the same to said Hiram Newell ; that I will warrant and defend the same to the said Newell, except

as aforesaid, his heirs and assigns forever, against the lawful claims and demands of all persons." Newell conveyed to Cooper and Cooper to plaintiff, who was evicted by a judgment on the mortgage, which was for an amount exceeding five hundred dollars, and he sued the defendant for a breach of the covenants in his deed to Newell. It was contended that the covenant against incumbrances did not run with the land, and could not be sued by the assignee. Shaw, C. J., said : "This is no doubt so. But here are several covenants, the usual covenants in a deed of warranty, to-wit : 'that I am seized,' etc.; 'that I have good right,' etc.; 'that the premises are free of all incumbrances.' These are all *in praesenti*, and if the facts covenanted to be true are not so, the covenants are broken when made, the right to enforce them is a chose in action, and cannot be so assigned as to enable an assignee to bring an action in his own name. But there is also a covenant that, 'I will warrant and defend;' this is *in futuro*, and runs with the land; and whenever the assignee of the land is evicted by title paramount, he has his remedy against the covenantor. Here the plaintiff was evicted by a judgment on the mortgage, against which the covenant was intended as an indemnity. The last ground is that this covenant relates to a personal matter, the amount of a debt, and so does not run with the land. Again, it is necessary to consider what is the covenant on which the suit is brought. It is the covenant to warrant and defend the land conveyed. The effect of the covenant in this case is to warrant and defend the granted premises against any incumbrance upon the land beyond five hundred dollars. But the plaintiff has been evicted upon a mortgage which he could only remove by paying a much larger amount. The debt is a personal thing, but the pledge for it was the land ; and it is this charge upon the land which

gives it the character of realty, and brings it within the operation of the covenant.''

This case is not an authority for the proposition that a covenant against incumbrances runs with the land, but whether such a covenant runs with the land, as held in this state, or not, it, is an authority in support of the view that Cavanaugh's action was maintainable for a breach of the covenant to warrant and defend. The deed from Dunn to Cavanaugh contained the same precise covenants and occurring in the same order as those in the deed in the above case of *Thayer v. Clemence*. The suit, in the case of *Cavanaugh v. Dunn*, was for a breach of all the covenants in the deed. The only difference between the two cases worthy of consideration is, that, in the Massachusetts case, the incumbrance was a mortgage, and, in the case at bar, a judgment. The one created by the party himself, the other by the law of the land—each, however, being the creditor's security for his debt. There is no reason why the same principle is not applicable to both, so far as the remedy of the grantee, or his assignee, for breach of the covenant is concerned. We are led to the conclusion, therefore, that Cavanaugh's substantial cause of action did not accrue until he was evicted from the land in Illinois.

This disposes of the case, for we are not disposed to go through the voluminous record in this cause to determine whether or not the trial court erred in its finding of facts. The attorneys have filed an abstract which does not pretend to set out the testimony, which should have been done, if they desired this court to review it. The charge in the petition is, that Dunn with his own money purchased the land in dispute, and, in order to defraud his creditors, had the deed conveying it made to the defendant, his wife, and the trial court so found, and we shall not interfere with its finding, but affirm the judgment. All concur.

## On rehearing.

BRACE, J.—Since the opinion in this case was delivered, on motion, the case was set down for rehearing, for the sole purpose of determining whether or not the trial court erred in its finding of fact. Since then, we have been furnished with an abstract of the evidence by the appellant and a counter-abstract by the respondent, and after a careful consideration of these abstracts, not feeling that we fully understood the sequence of events testified to, or correctly appreciated the value of all the evidence; we have gone patiently through the whóle volume of the evidence as it appears in the record, in manuscript covering more than three hundred pages of legal cap, and arise from the perusal satisfied with the conclusion arrived at by the learned judge who tried the case.

The law and the facts being with the respondents, the judgment is affirmed. All concur.