THEODORE WINNINGHAM, Defendant in Error, v. J. W.
PENNOCK, Executor of SAMUEL M. BOWMAN,
Plaintiff in Error.

Kansas City Court of Appeals, May 20, 1889.

1. **Covenants for Title:** COVENANT AGAINST INCUMBRANCES RUNS
WITH THE LAND, WHEN. While a covenant against incumbrances
is a covenant *in præsenti* and is broken *eo instanti* it is made, and
is therefore said generally not to be a covenant which will run with
the land, and in the hands of whomsoever the breach occurs and
the right of action accrues, there it stops, yet the breach which stops
the running of the covenant must be a substantial breach and not
merely a nominal one, and the cause of action must be such as to
permit a substantial recovery ; and so, as in the case of a special
tax bill, the covenant against such incumbrance will run with the
land and remain alive in the hands of a subsequent grantee who
may be compelled to remove the incumbrance, for then the sub-
stantial breach occurs, and a substantial recovery may be had.

2. ———: CONSIDERATION OF DEED MAY BE INQUIRED INTO HOW FAR.
Successive grantees have a right to rely upon the kind of considera-
tion named in the deeds in their chain of title, and though the
grantor may show that the consideration was a different amount,
he will not be permitted to show it was of a different kind or
nature, as a good consideration as distinguished from a valuable
one, and can not be permitted in a suit on the covenant against
incumbrances to show the amount of the consideration, as that
would be immaterial and irrelevant matter.

*Appeal from the Jackson Circuit Court.*—HON. TURNER
A. GILL, Judge.

AFFIRMED.

*L. C. Slavens, W. F. Spottswood,* for plaintiff in error.

(1) There is an absolute failure of proof on plaintiff's part with respect to alleged facts, essential to his recovery. (*a*) The evidence fails to show, and inferentially negatives, the alleged fact, that the special tax paid by the plaintiff was a lien on the lot 21 at the time of the covenant on which plaintiff sues. (*b*) Even if the evidence may be held to prove that plaintiff paid a special tax, for part of which, at least, Bowman was liable on his covenant, it fails to show what part, or that he was liable for the whole amount so paid. These are not mere variances, but are failures of essential links in plaintiff's chain of evidence, such as must prevent his recovery. The practice act recognizes a clear distinction between variance and failure of proof. 1 Hayne New Trial and Appeal, p. 315, sec. 115; *Leslie v. Railroad,* 88 Mo., see (language of Judge BLACK and authorities cited) p. 54; *Feurth v. Anderson,* 87 Mo. 354. (2) The evidence shows that Bowman's covenant with plaintiff's grantee was without consideration, and for this reason plaintiff was not entitled to recover. (*a*) In Missouri the covenant against incumbrances does not run with the land to a subsequent grantee. *Blondeau v. Sheridan,* 81 Mo. 545. If such covenant does not run with the land to such grantee, the utmost that could be maintained on his behalf is that he takes a right of action, by assignment, subject to all the equities between the original parties. (*b*) And in Missouri the equity arising out of want of consideration is not affected by the common-law rule relating to specialties, since, under our statutes, evidence of want of consideration is admissible as a defense to actions upon sealed instruments.

R. S. 1879, sec. 3725. ( *c* ) Moreover, in Missouri, a conveyance of land by the covenantee does not operate as an assignment of his right of action on the broken covenant against incumbrances. *Blondeau v. Sheridan*, *supra*.

*Theodore Winningham*, for defendant in error.

(1) The first point, relied on in brief by plaintiff in error for a reversal of this case, is the charge that there is a failure of proof on plaintiff's part with respect to alleged facts essential to his recovery. The answer to this charge is, that the facts set forth in petition, and evidence produced, as shown by the deeds, receipts, exhibits, etc., and especially the parts of record omitted in transcript of record of clerk of inferior court, but supplied in the first pages of this brief under rule of this court, constitute a complete answer to the charge of failure of proof. The record itself is sufficient. (2) The next point urged by defendant in error is that there was no consideration in deed of Bowman to Stone. Suppose there was not one cent of consideration. In the present action, the amount of the consideration, and the fact of its payment or non-payment, gift or no gift, are matters entirely immaterial to the issue. *Henderson v. Henderson*, 13 Mo. 151. The doctrine announced in *Henderson v. Henderson* is re-affirmed with all its force in *St. Louis v. Bissell*, 46 Mo. 157 ; *Walker v. Deaver*, 79 Mo. 679, and 683, last half of page. In action for covenant of seizin, the damages are regulated by purchase price and interest ; but damages for breach of covenant against incumbrances depend upon the value of the incumbrance, without reference to the value of the land or the purchase money. This question is judicially settled. *Dickson v. Desire*, 23 Mo. 151 ; *City of St. Louis v. Bissell*, 46 Mo. 157 ; *Walker v. Deaver*, 79 Mo.

679. (3) The next point contended for by plaintiff in error is that covenants against incumbrances do not run with the land, and relies solely on *Blondeau v. Sheridan*, 81 Mo. 545. This opinion of *Blondeau v. Sheridan* is not a well considered case. Only one brief was filed ; the losing side had no brief, and the result was, it seems, that the opinion was based on the brief filed. The law was not presented to the court. The *dictum* in said opinion, about covenants not running with the land, was not then, never was before, nor never has been, the law in Missouri. *Dickson v. Desire*, 23 Mo. 151 ; *Allen v. Kennedy*, 91 Mo. 331 ; *Wyatt v. Dunn*, 93 Mo. 459. (4) Whatever may have been the ancient common law in respect to covenants against incumbrances, in the present state of civilization, and especially in Missouri, the statutory covenant in Bowman's deed of grant, bargain and sell, and the covenants of general warranty against seizin and incumbrances therein contained run with the land and inure to the subsequent grantee, Winningham, upon whom the loss fell. *Dickson v. Desire*, 23 Mo. 151 ; *City of St. Louis v. Bissell*, 46 Mo. 157 ; *Walker v. Deaver*, 79 Mo. 675–683, and cases cited ; *Allen v. Kennedy*, 91 Mo. 329–331 ; *Thayer v. Clemence*, 22 Pick. 493, 494 ; *Sprague v. Baker*, 17 Mass. 586 ; *Whiting v. Dinsmore*, 6 Cush. 128 ; *Wyatt v. Dunn*, 93 Mo. 459. (5) The covenantee Winningham is entitled to recover what he has paid to extinguish the incumbrance, if he has paid a reasonable and fair price, which price was fixed by circuit court of Jackson county, Missouri, by final judgment in favor of *City of Kansas v. Bowman and lot 21*. *Henderson v. Henderson*, 13 Mo. 153 ; *Dickson v. Desire*, 23 Mo. 151 ; *City of St. Louis v. Bissell*, 46 Mo. 157 ; *Walker v. Deaver*, 79 Mo. 678, 679. (6) The warranty deed of Stone to Winningham, defendant in error, was an assignment of her chose in action to defendant in error,

Winningham. *Van Doren v. Relfe*, 20 Mo. 455; *Allen v. Kennedy*, 91 Mo. 342. (7) In view of the authorities cited in this brief, section 3725, Revised Statutes of Missouri, 1879, cited by plaintiff in error, on page 14 of his brief, has no application to the question at issue here.

ELLISON, J.—The deceased, in his lifetime, by his deed containing the words grant, bargain and sell, and the usual special covenant against incumbrances, conveyed to one Sophronia Stone, for the consideration, as expressed in the deed, of three thousand dollars. Sophronia Stone, by a similar deed, conveyed the same property to plaintiff. At the time of the conveyance from Bowman to Stone there was an incumbrance on the lot; there being a special assessment against it under proceeding had by the city authorities of the City of Kansas. Plaintiff was compelled to pay the assessment, which had taken the shape of a special tax bill, amounting to the sum of $557.56, and for this sum he has brought this action against the estate of Bowman and seeks to hold his estate under the covenant in his deed against incumbrances which plaintiff claims is a covenant which runs with the land. The defenses interposed necessary to notice are: *First.* That a covenant against incumbrances does not run with the land; and, *second*, that the deed from Bowman to Stone was a deed of gift and without a valuable consideration.

The covenant against incumbrances is a covenant *in præsenti* and is broken *eo instanti* it is made, and is therefore said generally not to be a covenant which will run with the land. The reason such covenant is held not to run with the land is that the action accrues complete, and the covenant inures to the benefit of him who suffers the breach and can not be transferred by him down the line of title. "The breach extinguishes the covenant

and renders it incapable of running with the land."
*Dickson v. Desire*, 23 Mo. 151, 161. It is said by the
court in *Chambers v. Smith*, 23 Mo. 174 and *Wyatt v.
Dunn*, 93 Mo. 459, that, "If there be a total defect of
title, defeasible and indefeasible, and the possession
have not gone along with the deed, the covenant is broken
as soon as it is entered into, and can not pass to an assignee
upon any subsequent transfer of the supposed right of the
original grantee. In such case, the breach is final and
complete ; the covenant is broken immediately, once for
all, and the party recovers all the damages that can ever
result from it."

It would appear to be clear from these authorities
that in the hands of whomsoever the breach occurs and
the right of action accrues, there it stops. Such right of
action may be assigned, of course, as any other chose in
action. And it is held in *Allen v. Kennedy*, 91 Mo.
324, that a deed with the usual covenants will of itself
operate as a transfer or assignment of such right to the
grantee. That case was a covenant of seizin, where the
original grantee got neither title nor possession. The
same ruling would perhaps not be made on a covenant
against incumbrances. It would probably not be held
that the original grantee paying off an incumbrance,
but not enforcing the covenant against his grantor,
would be held to have assigned his right of action to a
grantee *merely* by making him a warranty deed to the
premises.

But be this as it may, the breach which stops the
running of the covenant must be a substantial breach
and not merely a nominal one, and the cause of action
must be such as to permit a substantial recovery. So it
is said the covenant runs with the land till there be a
substantial breach. The matter may be illustrated thus :
If a grantee find an easement on the premises, an ease-
ment being an incumbrance, which prevents his use or

occupation, a substantial breach exists the moment he gets his deed and he has a substantial right of action on the covenant which, except as it may be affected by the case of *Allen v. Kennedy, supra*, is not transferred to subsequent grantees. This was the case in *Blondeau v. Sheridan*, 81 Mo. 545. But, if he finds a mortgage, judgment, or tax lien on the premises, here, while the covenant is broken *eo instanti*, and may be sued upon and nominal damages recovered, yet it is not so in substance, it is only technically so, for the grantor may himself remove the incumbrance before it can disturb or injure the grantee ; and so, in such instance, the covenant against such incumbrance will run with the land, and remain alive in the hands of a subsequent grantee who may be compelled to remove the incumbrance, for then the substantial breach occurs and a substantial recovery may be had.

The second defense that the intestate's deed to Miss Stone was a deed of gift, and not for a valuable consideration, can not be allowed. The deed recites a valuable consideration of three thousand dollars and the grantor in such deed is estopped from showing that it was not a valuable consideration. The successive grantees have a right to rely upon the kind of consideration named in the deeds in their chain of title. Ordinarily the grantor may show a different consideration from that expressed in his deed, though it must be of the same kind or nature. Ordinarily he may show it was for a different amount from that expressed or that it was property instead of money. But in a case like this, he will not be permitted to show that it was a good consideration as distinguished from a valuable consideration, as these terms are known to the law.

The defendant then being concluded by his deed, as to there being a valuable consideration, can not be permitted, in a suit on the covenant against incumbrances

to show the *amount* of the consideration, as that would be an immaterial or irrelevant matter. In such action, unlike an action on a covenant of seizin, the amount of damages depends upon what the covenantee has been compelled to pay to extinguish the incumbrance, if it be a fair and reasonable price. *Henderson v. Henderson,* 13 Mo, 151; *City of St. Louis v. Bissell,* 46 Mo. 157; *Kellogg v. Malin,* 62 Mo. 429.

From the foregoing considerations it follows that the judgment should be affirmed, and it is so ordered. SMITH, P. J., concurs; GILL, J., not sitting.