ROBERT HOLLOWAY, Administrator, Respondent,
v. GEORGE W. VINCENT et al., Appellants.

Kansas City Court of Appeals, May 16, 1910.

1. **CONSIDERATION: Estoppel: Deed: Vendor's Lien.** Where
a deed recites a valuable consideration of one thousand dollars,
which sum the grantee did not pay, it was held in an action
by the administrator of the estate of the grantor to enforce
a vendor's lien, that the grantee, and the party to whom he sold
with notice, were estopped from claiming that there was not a
valuable consideration, or that it was a gift. But that they
could show that the valuable consideration was a less amount
than that recited in the deed.

2. **DESCRIPTION: Vendor's Lien.** The following description in
a deed was held sufficient to support a judgment enforcing a
vendor's lien for the purchase money: "The following described
lots, tracts or parcels of land, lying, being and situate in the
county of Osage and State of Missouri, to-wit: All the east
part of the northeast quarter and part of the northeast one-fourth
of the southeast fractional quarter north of the Gasconade river,
all in section twenty-nine (29), township forty-three (43), range
seven (7) west."

Appeal from Cole Circuit Court.—*Hon. Wm. H.
Martin,* Judge.

AFFIRMED.

*Silver & Dumm, Gove & Davidson* and *W. J. Vo-
shall* for appellants.

(1) It is competent to show that the considera-
tion recited in a deed is fictitious. Bobb v. Bobb, 89
Mo. 411; Hollocher v. Hollocher, 62 Mo. 267; O'Day v.
Conn, 131 Mo. 321; Fontaine v. Savings Institution, 57
Mo. 552. (2) The description in question is wholly
insufficient to support a judgment to enforce a vendor's
lien. Jefferson City v. Whipple, 71 Mo. 519; State v.
Burroughs, 174 Mo. 519; State v. Railway, 114 Mo. 1.

*W. S. Pope* and *Robert Walker* for respondent.

It has been the purpose of courts to support deeds *interpartes* and in their interpretation not to require the accuracy of description required in sheriff's sales or other transfers, without the consent of the owner. Hart v. Rector, 7 Mo. 531; Webster v. Blount, 39 Mo. 500; MacPike v. Allman, 53 Mo. 551; Carter v. Holman, 60 Mo. 498; Johnson v. Boulware, 149 Mo. 451; Whitaker v. Whitaker, 175 Mo. 1; Cole v. Mueller, 187 Mo. 638; Martin v. Stone, 79 Mo. App. 309; Cochran v. Railway, 94 Mo. App. 469.

ELLISON, J.—This action is to enforce a vendor's lien against certain real estate. The judgment in the trial court was for the plaintiff.

It appears that plaintiff's intestate, Henry Kemple, conveyed to George W. Vincent a tract of land. The conveyance was a warranty deed for the consideration expressed therein of one thousand dollars, the receipt of which was acknowledged. Vincent sold the land to the defendant Cramer for one hundred dollars, conveying by quitclaim deed. There was evidence tending to show Cramer knew, at the time he purchased, that the purchase money had not been paid.

The defense is based on the assertion that while there was a deed to Vincent expressed to be in consideration of one thousand dollars, yet, in reality, it was a gift to Vincent and that nothing was paid or expected to be paid by him; in short, that as the land was given to him there was no debt to form the basis of a vendor's lien and therefore the judgment should have been for defendants.

The right conclusion on the merits of the case depends somewhat on inferences to be drawn from undisputed facts. We deem it established beyond doubt that Kemple and Vincent agreed upon a consideration of one thousand dollars, and that they directed the justice

of the peace, who wrote the deed, to put that amount as the consideration in the deed, and that it was done accordingly. We deem it clearly enough established that defendant Cramer knew when he bought the land of Vincent that the latter had not paid any part of this consideration. He therefore bought with notice, and if anything was charged as a consideration—if Vincent was to pay for the land—a lien was created for the amount which is a charge on the land in Cramer's hands as a purchaser with notice. Was there a debtor and creditor relation between Kemple and Vincent? Some evidence in favor of that relation is the fact of the sale, merely. For where land is sold and a warranty deed executed, it will be presumed it was for something of value. When to this is added an expressed consideration actually agreed upon by the parties and inserted in the deed, it becomes exceedingly strong evidence that the buyer was to pay for the land; and when it appears that he did not, a continued debtor and creditor relation is established. Stating a valuable consideration in a deed counts for something. It has been ruled that if a deed shows a valuable consideration, such as money or other value, it must be taken to be a valuable consideration, and you will not be allowed to show a good consideration, such as a gift for natural love and affection. [Winningham v. Pennock, 36 Mo. App. 688; Edwards v. Latimer, 183 Mo. 610; Scott v. Scott, 1 Mass. 527; Whitman v. Hapgood, 10 Mass. 437; 2 Herman on Estoppel, sec. 624.] The effect flowing from the different kinds of consideration cannot be denied. Thus, if a warranty deed recites a valuable consideration and a question of liability on the warranty should arise, the grantor would be estopped from showing that the consideration was not valuable but merely a good consideration. He could show that it was a different value from that recited, but not that there was *no* value. As estoppels must be mutual, the grantee in such conveyance could

not be permitted to deny that he paid value in *some* amount. He could not say he obtained it as a gift.

Making application of this suggestion to this case, it would deny defendant Vincent and also Cramer who claims immediately through him, the right to say that there was no valuable consideration for the deed from Kemple to Vincent, and that the latter was not to pay anything. In legal contemplation there was some valuable consideration, though it might have been nominal.

What then does the evidence show the amount Vincent was to pay Kemple for the land? The deed itself says one thousand dollars. It is true it also acknowledges receipt of that sum, but that is a common formality in deeds which counts for little; and, besides, it is conceded all around that nothing was paid. The land was worth at the lowest estimate six hundred dollars, and at the highest eight hundred.

The evidence that nothing was to be paid was of an unsatisfactory character, some of it very much so. It was shown that Vincent's wife was Kemple's niece and that Kemple had said he intended that his children should not have the land and that he intended to give it to the Vincents. After a consideration of the whole record, we do not think the case made by the plaintiff was met by the evidence in defendants' behalf, nor do we think the authority cited by defendants applicable, and we adopt the view of the trial court that the purchase money was due and that a vendor's lien should be charged against the land.

Defendants next insist that the description of the land as given in the deed was insufficient to support a vendor's lien. The point is not well taken. It reads as follows: "The following described lots, tracts or parcels of land, lying, being and situate in the county of Osage and State of Missouri, to-wit: All the east part of the northeast quarter and part of the northeast one-fourth of the southeast fractional quarter north of

the Gasconade river, all in section twenty-nine (29), township forty-three (43), range seven (7) west." The land is all that part of the government survey mentioned which lies north of the Gasconade river. We think it sufficient. The judgment is affirmed. All concur.